OAHU LUMBER AND BUILDING COMPANY *v.* AH YOK and KING FONG, constituting the firm of Tai Sing Company.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 5, 1898.          DECIDED MAY 9, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

The pendency of a prior action of ejectment to recover land does not abate a subsequent action between the same parties, under the statute for "summary possession" of the same land, it not appearing that the causes of action are the same.

OPINION OF THE COURT BY JUDD, C.J.

The essential facts of this case are as follows: In December, 1896, the Oahu Lumber and Building Company, a domestic corporation, brought an action of ejectment in the Circuit Court,

First Circuit, against Hee Hing Chong, On Hoy Wing, Tai Sing, Hee Chick San and Ah Yok, doing business as partners under the name of Tai Sing Company, to recover possession of a two-story building and the land upon which the same is situate, on the Waikiki side of Bethel street in Honolulu. The plaintiff claims as lessee of one C. L. Auld the owner. The case is still pending. In November, 1897, the same plaintiffs brought an action in the District Court of Honolulu under the Act allowing "Summary Proceedings to Recover Possession of Land," against King Fong and Ah Yok, then the partners doing business under the name of Tai Sing Company, to recover possession of the same premises described in the previous action, alleging that the defendants are tenants at will of plaintiff and are holding over after a notice to quit, &c. A demurrer was filed by defendant Ah Yok which was overruled. Then defendants filed a plea, in which the following facts are alleged: the institution of the prior suit in the Circuit Court, First Circuit, that it was answered in February, 1897, and was stipulated to be heard by the court without a jury in vacation; that the plaintiff in that action is the same corporation now suing as plaintiff; that one of the defendants is the same Ah Yok now impleaded; that the property sought to be recovered is the same in both actions; that the prior action is still pending and undetermined; "and also that the title to real estate (being the property and premises herein sought to be recovered) is put in issue and is involved in the said action." And further that the defendants claim title to the premises sought to be recovered by the plaintiff in both the actions, by virtue of a lease by Ving Fat & Company to defendants having two years yet to run from the 9th day of October, 1896. "Defendant prays judgment if the court will or ought to have further cognizance of the said cause." The District Magistrate gave judgment for plaintiff for possession of the property and defendant appealed to the Circuit Court, First Circuit, jury waived.

The court heard the plea and sustained it, to which exception was taken to this Court. The trial court rendered the following decision:

"On the plea in bar interposed in this case, it seems to me that the main point now before the court is that at the time the present suit was filed there was pending in the Circuit Court an action of ejectment filed December, 1896, to recover the same premises for which this action is brought. Its object was the same and the premises in controversy the same. I think that if that original action had been a mistake on the part of counsel or if in the language of the counsel it had been a false proceeding, the proper course for counsel to have taken would have been to have discontinued that prior action. He elected his remedy and until he discontinues it he must abide by it; he certainly must file no other action for the same object at the same time. I therefore sustain the plea in bar.

It seems to me that as this point is decisive of the case, it is unnecessary to decide the question as to whether the affidavit is sufficient on the plea in bar setting up the question of title.

Plea sustained."

The defendant contends that the suit is abated by reason of the pendency of another suit.

The ground upon which courts proceed in abating a subsequent suit on the ground of the pendency of a former action between the same parties and for the same cause is, that the subsequent one is unnecessary and therefore oppressive and vexatious. But in order to sustain the plea of another action pending it must appear that the two suits are for the same cause or causes of action. We have here first, ejectment, which may try the title to land and (or) the right of possession to it; and, second, the summary method of obtaining possession of land where there is the relation between the parties of landlord and tenant.

In the ejectment case the plaintiff claims title. In the second case the plaintiff alleges that defendant is its tenant at will and is holding over after notice to quit. The causes of action are different. The plea alleges merely that the object in each of the suits is to recover the same identical property and premises. That this is not sufficient; see *Larco v. Clements*, 36 Cal. 132;

*Martin v. Splivato,* 69 *Ib.* 611; *Leonard v. Flynn,* 89 *Ib.* 535; *Campbell v. Potts,* 26 S. E. (N. C.) 50. In *Kessinger v. Whittaker,* 82 Ill. 22, it is held "that the remedies given a purchaser of land under a decree of foreclosure by writ of possession and by forcible detainer are concurrent and both may be pursued until satisfaction is had. The pendency of proceedings by forcible detainer for possession, on appeal, cannot be set up in abatement of a motion for a writ of possession in the original cause."

"A pending replevin suit to recover goods taken in distress for rent does not bar an action against the surety for the rent." *King v. Blackmore,* 72 Pa. St. 347.

The plea should show distinctly that the causes of action are the same. It does not.

The exceptions are sustained and the case remanded to the Circuit Court, First Circuit, for such further proceedings as may be necessary.

The question raised by the other plea—that of "title involved" in the second suit and therefore that the case is not within the jurisdiction of the District Court—is not before this Court. The bill of exceptions which sends up the decision of the trial court shows that this plea was not passed upon and no exception was taken to the ruling or refused to rule. We cannot consider it.

*J. A. Magoon* and *R. D. Silliman* for plaintiffs.
*A. S. Humphreys* and *G. D. Gear* for defendants.