DR. ROY K. MABE and KAREN K. MABE, Applicants-Appellants *v.* REAL ESTATE COMMISSION, STATE OF HAWAII, Respondent-Appellee

NO. 8997

(S. P. NO. 5848)

SEPTEMBER 26, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Dr. Roy K. Mabe and Karen K. Mabe (Mabes) sought payment of $20,000 from the real estate recovery fund (Fund). They appeal from the final order awarding them $10,000. We reverse.

The general issue is whether a literal construction of Hawaii Revised Statutes (HRS) § 467-16 (1976), which is unambiguous, would produce an absurd or unjust result which would be clearly inconsistent with the purposes and policies of the statute. Our answer is no.

The specific issue is whether under HRS § 467-16 each of the Mabes is "any person aggrieved" so that each is entitled to recover $10,000 from the Fund. Our answer is yes.

The facts are undisputed. In First Circuit Civil No. 67756 the Mabes obtained a default judgment of $21,838.21 against Broker Associates Realty, Inc. (Broker) for fraud, misrepresentation, and deceit in a single real estate transaction. Broker filed a petition in bankruptcy and the Mabes were unable to obtain satisfaction of any part of the judgment.

On July 13, 1982, pursuant to HRS § 467-16, the Mabes commenced a proceeding seeking payment of $20,000 ($10,000 each) from the Fund. The Real Estate Commission (Commission) claimed that the Mabes' recovery from the Fund was limited to $10,000. On August 30, 1982, the lower court entered its order awarding $10,000 to the Mabes.

The pertinent portion of HRS § 467-16[1] reads:

The real estate commission shall establish and maintain a real estate recovery fund from which any person aggrieved by an act, representation, transaction, or conduct of a duly licensed real estate broker, or real estate salesman, upon the grounds of fraud, misrepresentation, or deceit, may recover by order of the circuit court or district court of the county where the violation occurred, an amount of not more than $10,000 for damages sustained by the fraud, misrepresentation, or deceit, including court costs and fees as set by law, and reasonable attorney fees as determined by the court.

Section 467-24, HRS (1977 Supp.),[2] reads:

"Notwithstanding any other provision, the liability of the real estate recovery fund shall not exceed $40,000 for any one licensee."

Stripped to its essentials, HRS § 467-16 provides that "any person aggrieved by an act. . .of a. . .broker. . .upon grounds of. . .misrepresentation. . .may recover. . .not more than $10,000 for damages sustained[.]"

Thus, HRS § 467-16 unambiguously allows recovery of $10,000 per person subject to the $40,000 limitation in HRS § 467-24. Mr. Mabe is "any person." Likewise, Mrs. Mabe is "any person." They are two separate persons. Under a literal construction of HRS § 467-16, each is clearly entitled to recover $10,000.

---

[1] Section 467-16, HRS, was amended in 1983 to increase the recovery limit from "$10,000" to "$25,000 per transaction." Act 116, § 5, 1983 Haw. Sess. Laws 207.

[2] Section 467-24, HRS, was amended in 1983 to increase the Fund's maximum liability per licensee to "$50,000." Act 116, § 7, 1983 Haw. Sess. Laws 207-08.

Our supreme court has stated that the "primary duty in interpreting and applying statutes is to ascertain the intention of the legislature and to implement that intention to the fullest degree." *Treloar v. Swinerton & Walberg Co.,* 65 Haw. 415, 420-21, 653 P.2d 420, 424 (1982) (quoting *Black Construction Co. v. Agsalud,* 64 Haw. 274, 283, 639 P.2d 1088, 1094 (1982), quoting *Keller v. Thompson,* 56 Haw. 183, 189, 532 P.2d 664, 669 (1975)). Moreover, it has also stated that legislative intent is to be obtained primarily from the language used in a statute. *Id.* at 420-21, 653 P.2d at 424, (quoting *In re Castro,* 44 Haw. 455, 458, 355 P.2d 46, 49 (1960)). However, "even in the absence of statutory ambiguity, departure from literal construction is justified when such construction would produce an absurd and unjust result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act." *County of Kauai v. Pacific Standard Life Insurance Co.,* 65 Haw. 318, 326, 653 P.2d 766, 773 (1982), (quoting *Pacific Insurance Co. v. Oregon Automobile Insurance Co.,* 53 Haw. 208, 211, 490 P.2d 899, 901 (1971)).

In our view the rule which allows departure from a literal construction of an unambiguous statute should be applied only in special or egregious situations. Otherwise the judiciary will be usurping the powers which our constitution vests in the legislative and executive branches of our government. Moreover, statutory language is the product of a thorough process conducted in the legislative and executive branches. Those two branches are in as good or better position than is the judiciary branch to decide how a statute should be worded and, thereby, what its effect will be.

The stated purpose of HRS § 467-16 "is to furnish financial protection to the consumer public. . .by providing a fund which, under certain circumstances, will satisfy unpaid judgments against real estate brokers and salesmen." House Stand. Comm. Rep. No. 532, in 1967 House Journal at 673; Senate Stand. Comm. Rep. No. 647, in 1967 Senate Journal at 1146.

Under the Mabes' literal interpretation, each person-claimant is entitled to a maximum of $10,000 per transaction. Thus, four persons-claimants involved in one transaction could exhaust a licensee's maximum $40,000 coverage.

The Commission argues for a nonliteral interpretation that

the term "any person aggrieved" is used in a collective sense and the maximum that can be recovered is $10,000 per transaction per involved licensee. Thus, if more than one claimant is involved in one transaction with one licensee, their combined recovery cannot exceed $10,000.

We find no special or egregious situation requiring our deviation from the literal construction of HRS § 467-16. Adherence to a literal construction is beneficial to as many or more persons-claimants than is the Commission's interpretation in all cases except when the licensee is involved in one or more transactions with a combined total of more than four persons-claimants who each suffer at least $10,000 in unsatisfied damages. Since neither the record nor our common experience reveals how frequently such exceptions occur, we cannot find that adherence to a literal construction is clearly inconsistent with the purposes of HRS § 467-16.

Although HRS chapter 467 does not include a definition of the term "person," HRS § 1-19 (1976) defines the word "person" or words importing person to mean "not only individuals, but corporations, firms, associations, societies, communities, assemblies, inhabitants of a district, or neighborhood, or persons known or unknown, and the public generally, where it appears, from the subject matter, the sense and connection in which such words are used, that such construction is intended." Thus, it appears that corporations and partnerships are each limited to a single person's recovery of $10,000. Even if that result is relatively unfair to stockholders or partners, however, we will not be furthering HRS § 467-16's purposes by interpreting HRS § 467-16 as treating all persons involved in one transaction as one collective unit and limiting the unit to a single person's recovery of $10,000.

Reversed and remanded for further proceedings consistent with this opinion.

*Owen K. Tamamoto* (*Nelson S. W. Chang* with him on the briefs; *Rother, Bybee & Chang* of counsel) for appellants.

*Sidney K. Ayabe* (*Libkuman, Ventura, Ayabe & Hughes* of counsel) for appellee.