MICHAEL COLELLO AND BARBARA COLELLO, APPELLANTS, *v.* ADMINISTRATOR OF THE REAL ESTATE DIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 14999

June 26, 1984                                   683 P.2d 15

*Nitz, Schofield &, Walton,* Las Vegas, for Appellants.

*Brian McKay,* Attorney General, *Jennifer Stern,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order requiring appellants to

return $10,000 to the Administrator of the Real Estate Division of the State of Nevada. The district court held that appellants waived their right to recover from the Real Estate Education, Research, and Recovery Fund[1] (hereinafter referred to as the Fund) due to appellants' failure to assign their entire $46,394.95 judgment against a real estate licensee to the Administrator of the Fund pursuant to NRS 645.8491.[2] We reverse.

In May, 1982, appellants were granted a judgment totaling $46,394.95 against a real estate licensee on the basis of fraud, misrepresentation and embezzlement. Appellants could not recover the full amount of the judgment, so they claimed $10,000 from the Real Estate Education, Research and Recovery Fund pursuant to NRS 645.841 et seq. However, appellants assigned only $10,000 of their $46,394.95 judgment to the Administrator of the Fund. The Administrator brought suit to compel either the assignment of appellants' entire judgment or the return of the $10,000.

The district court interpreted NRS 645.8491 to require a claimant with a judgment exceeding $10,000 to relinquish his right to collect the entire judgment in exchange for $10,000 from the Fund. The district court held that pursuant to NRS 645.8492[3] appellants waived their right to recover from the Fund and ordered appellants to return $10,000 to the Administrator of the Real Estate Division of the State of Nevada. We disagree.

[1]NRS 645.842 provides:

The Real Estate Education, Research and Recovery Fund is hereby created as a special revenue fund. A balance of not less than $50,000 must be maintained in the fund, *to be used for satisfying claims against persons licensed under this chapter.* . . . Any balance over $50,000 at the end of any fiscal year must be set aside and used by the administrator, after approval of the commission, for real estate education and research.

(Emphasis added.)

[2]NRS 645.8491 provides:

*Administrator's right to subrogation.* When the administrator has paid from the fund any sum to the judgment creditor, the administrator is subrogated to all other rights of the judgment creditor and the judgment creditor shall assign all his right, title and interest in the judgment to the administrator and any amount and interest so recovered by the administrator on the judgment shall be deposited to the fund.

[3]NRS 645.8492 states that:

The failure of a person to comply with any of the provisions of NRS 645.841 to 645.8494, inclusive, shall constitute a waiver of any rights hereunder.

Courts can determine the legislative intent for enacting a particular statute by looking at the entire act and construing the statute as a whole in light of its purpose. White v. Warden, 96 Nev. 634, 614 P.2d 536 (1980). Where the purpose of the legislation is expressly stated, that purpose is a factor to be considered in interpreting a given statute. Alper v. State ex rel. Dep't Hwys., 96 Nev. 925, 621 P.2d 492 (1980); Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975).

The primary purpose of the Fund is to aid victims of real estate fraud whose judgments against real estate licensees have proven to be uncollectable. NRS 645.844. The Administrator's right to subrogation is necessary for the State to recover the money paid to a claimant from the Fund. The assignment requirement of NRS 645.8491 provides a method for the Administrator to recover a judgment which exceeds the amount paid to a claimant.

Although recovery from the Fund is voluntary, a strict interpretation of NRS 645.8491 would undermine the remedial nature of the statute. A victim with a judgment exceeding $10,000 who wished to retain the possibility of recovering the rest of the judgment would be forced not to seek the remedy provided by the Fund. A person with a judgment under $10,000 could collect his entire claim while a person with a judgment exceeding $10,000 would be limited to recovering $10,000 from the Fund. NRS 645.844(1).

While NRS 17.150 provides that appellants' judgment is valid for six years and is renewable, the claimant must file a petition to recover from the Fund no more than a year after all proceedings connected with the judgment have terminated. NRS 645.844(f). Since the primary purpose of the Fund is to aid victims of real estate fraud, the Fund would be unjustly enriched if it could retain the entire amount recovered from the judgment debtor which in justice and equity belongs to the claimant.

Statutes with a protective purpose should be liberally construed in order to effectuate the benefits intended to be obtained. Welfare Div. v. Washoe Co. Welfare Dep't, 88 Nev. 635, 503 P.2d 457 (1972). Where alternative interpretations of a statute are possible, the one producing a reasonable result should be favored. Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975). The legislature's goal of providing both monetary relief

for victims of real estate fraud and a method for the Administrator to recover the judgment can be attained even if the State is required to account to claimants for the balance of collected judgments that exceed amounts expended by the State. This requirement would help make victims whole and benefit the class of persons the legislature intended to protect.

Accordingly, we reverse the district court's order requiring appellants to return the $10,000 they received from the Fund. However, if appellants wish to retain the $10,000, they must assign their entire judgment to the Administrator of the Fund. Appellants may reserve the right to pursue collection of the judgment on behalf of the State of Nevada. If the judgment is collected, the State has priority and is to recover for all costs it has incurred, before appellants receive any balance of the amount collected.

Reversed.