Don W. McBRIDE and Yvonne Z. McBride, husband and wife, and James G. McBride and Paula S. McBride, husband and wife, Plaintiffs,

v.

Steven R. CARTER; Janet C. Mason, SRC Investment Company, a Utah corporation, and Agudo, Inc., a Utah corporation, Defendant.

Don W. McBRIDE, et al., Petitioners and Appellees,

v.

The DIVISION OF REAL ESTATE OF THE DEPARTMENT OF BUSINESS REGULATION OF THE STATE OF UTAH, as Administrator of the Real Estate Education, Research, and Recovery Fund, Respondent and Appellant.

No. 880365.

Supreme Court of Utah.

Nov. 21, 1989.

John L. Miles, St. George, for petitioners and appellees.

David L. Wilkinson, Stephen G. Schwendiman, Sheila Page, Salt Lake City, for respondent and appellant.

PER CURIAM:

The Division of Real Estate of the Department of Business Regulations of the State of Utah (the Division) appeals from an order directing it to disburse $5,750 to each of the four plaintiffs in this case from the real estate education, research, and recovery fund (the fund).

In 1974, plaintiffs were the purchasers under uniform real estate contract from

SRC Investment Co. as seller of a 10–acre farm property located in Washington County, Utah. Steven Carter, a licensed real estate agent and SRC's president, accepted all annual payments and eventually conveyed title by special warranty deed in 1983, but not until he had encumbered the property with a trust deed to secure his personal debt. Plaintiffs learned of the encumbrance when they received a notice of default and were subsequently forced to purchase the property a second time at foreclosure sale.

Plaintiffs sued in 1986 and, in January of 1987, obtained a judgment against SRC and Carter personally for fraud and misrepresentation in the amount of $23,000, plus punitive damages, attorney fees, and costs. Plaintiffs were unable to execute on their judgment and thereafter filed a verified petition directed at the Division under Utah Code Ann. § 61–2a–5 (Supp.1985). At the time of commencement of this action, that section read as follows:

> (1) If any person obtains a final judg-. ment in a court of competent jurisdiction against a real estate licensee in this state, based upon fraud, misrepresentation, or deceit *in any real estate transaction,* that person may, upon termination of all proceedings including appeals, file a verified petition in the court where the judgment was entered for an order directing payment from the Real Estate Education, Research and Recovery Fund for the actual damages included in the judgment and unpaid, but not more than $10,000. Recovery from the fund shall be for the actual damages included in the judgment and unpaid, *but not more than $10,000 for a single transaction* and no more than $50,000 for any one licensee.[1]

The trial court held a hearing on the verified petition at which the Division acknowledged that plaintiffs had a proper claim against the fund, but argued that their recovery was limited to $10,000, the applicable amount for a single transaction. The trial court ruled that the statute in effect at the time the verified petition was filed governed and that plaintiffs could not recover the punitive damages, interest, attorney fees, and costs.[2]

The trial court also found that the statute was vague and that it could be interpreted to allow each individual in a transaction to recover the full $10,000 limit of the fund and accordingly granted plaintiffs the entire amount of $23,000 actual damages, or $5,750 each. The Division appeals, stating that the trial court erred in so interpreting the statute. We agree and modify the recovery to $10,000 and, as so modified, affirm the trial court's order.

The trial court's interpretation of a statute presents a question of law which this Court reviews for correctness. *Nephi City v. Hansen,* 779 P.2d 673 (Utah 1989); *Bonham v. Morgan,* 102 Utah Adv.Rep. 8, (Utah February 28, 1989). It is elementary that in construing a statute, all words are presumed to have been used advisedly and that construction is favored which gives effect to all of its provisions. *Pate v. Marathon Steel Co.,* 777 P.2d 428 (Utah 1989).

The purpose of the fund is to establish a real estate education, research, and recovery fund that shall reimburse the public out of the fund for damages incurred by defaulting real estate licensees up to $10,000, Utah Code Ann. § 61–2a–2(1) (Supp. 1985), and to provide revenue for improv-

---

**1.** The section has since undergone several revisions. The 1987 amendment excludes from uncollected actual damages punitive damages, attorney fees, interest, or court costs. § 61–2a–5(1) (Supp.1987); 1987 Utah Laws ch. 48, § 11. The 1989 amendment further clarifies the section by restricting the liability of the fund to $10,000 for a single transaction and $50,000 for any one licensee "regardless of the number of claimants or parcels of real estate involved in a transaction." § 61–2a–5(1) (Supp.1989); 1989 Utah Laws ch. 220; 1989 Utah Laws ch. 225, § 91; 1989 Utah Laws ch. 227, § 2. All sections hereafter cited were in effect at the time plaintiffs brought their action.

**2.** We do not address that issue further because the outcome of this case is not affected by which statute governed. *IFG v. Gordon,* 776 P.2d 607 (Utah 1989). Furthermore, although they argue that the trial court applied the wrong statute, plaintiffs have not preserved this issue and others, as they have not filed a cross-appeal. R. Utah S.Ct. 4(d); *Ron Case Roofing v. Blomquist,* 773 P.2d 1382 (Utah 1989).

ing the real estate profession through education and research with the goal of making them more responsible to the public, § 61–2a–2(2) (Supp.1985). As such, the fund is not intended to make the victims of defaulting real estate licensees whole, but specifically limits recovery to not more than $10,000 for a single transaction, Utah Code Ann. § 61–2a–5(1). It is the number of transactions and the number of defaults of individual licensees that govern the amount of recovery, not the number of claimants in a single transaction. "The singular number [of 'any person,' as misinterpreted by the trial court] includes the plural, and the plural the singular." Utah Code Ann. § 68–3–12(1)(a) (1985); *see also Colello v. Administrator*, 100 Nev. 344, 683 P.2d 15 (1984) (allowing husband and wife judgment creditors ceiling amount of $10,000 under similar statute, N.R.S. 645.-844, which allows "any person" to recover against fund, but no more than $10,000 per judgment). *But see Mabe v. Real Estate Comm'n*, 4 Haw.App. 552, 670 P.2d 459 (1983).

Other sections of title 61 chapter 2a focus on the *claim* based upon application by the petitioner, § 61–2a–6 (1977), the portion of the petitioner's *judgment* that is payable from the fund, § 61–2a–7 (Supp.1977), and the payment of *claims* in the order of their filings, § 61–2a–8 (Supp.1985). As this Court stated in *Grayson Roper Ltd. v. Finlinson*, 782 P.2d 467 (Utah 1989), separate parts of an act should not be construed in isolation from the rest of the act, and the terms of related code provisions should be construed in a harmonious fashion. A harmonious reading of these sections makes it clear that the $10,000 limit allowed by the fund is payable for each claim, judgment, or transaction, not to each of any number of plaintiffs. The 1989 amendment mentioned at footnote 1 underscores our interpretation.

Plaintiff's recovery against the fund is reduced to $10,000 and, as so modified, is affirmed.