*1148 OPINION

Per Curiam:

From 1976 to 1992, respondents Val S. Buhecker and Terri L. Buhecker (“the Buheckers”), husband and wife, owned and resided on a five-acre parcel of land in Clark County, Nevada. However, in 1992, several individuals, including two licensed Nevada real estate agents, defrauded the Buheckers out of the equity in their property through a real estate fraud scheme. The property was foreclosed upon, and the Buheckers were evicted.
The Buheckers filed a complaint and on December 19, 1994, received a default judgment against the two licensed real estate agents, Stanley E. Knobeloch and Magdalene S. Higgins. The district court awarded the Buheckers $280,000.00 in general damages, $350,000.00 in punitive damages, $35,000.00 in attorney’s fees, and $166.00 in costs, for a total judgment of $665,166.00. However, writs of execution against both agents were returned unsatisfied. Further, asset checks on the agents revealed no assets which could be levied upon to satisfy the judgment. Both agents later filed Chapter 7 bankruptcies.
On July 6, 1995, the Buheckers filed their petition for recovery from the Real Estate Education, Research and Recovery Fund (“ERRF”) with the district court. The ERRF allows petitioners to recover money pursuant to NRS 645.844(1), which states in relevant part:
[Wjhen any person obtains a final judgment in any court of competent jurisdiction against any licensee or licensees under this chapter, upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license is required under this chapter, that person, upon termination of all proceedings, including appeals in connection with any judgment, may file a verified petition in the court in which the judgment was entered for an order directing payment out of the fund in the amount of the unpaid actual damages included in the judgment, but not more than $10,000 per judgment. The liability of the fund does not exceed $20,000 for any person licensed pursuant to this chapter.”
(Emphasis added.)
The Buheckers requested $40,000.00, claiming that each of them had separate judgments against each of the two licensed real estate agents. Appellant defended, arguing the Buheckers’ recovery was limited to $10,000.00 or $20,000.00, but not $40,000.00.
*1149 On October 2, 1995, the Buheckers filed a motion for summary judgment. Appellant again defended, arguing the statutory language limited the Buheckers’ recovery to $10,000.00 or $20,000.00 because they received one or two judgments, but not four.
On December 5, 1995, the district court granted summary judgment in favor of the Buheckers, finding each of them was entitled to recover $10,000.00 against each of the real estate agents, for a total recovery of $40,000.00 from the ERRF. Appellant filed its notice of appeal on December 26, 1995.

DISCUSSION

Appellant contends the district court erred in determining what a “judgment” was in the context of NRS 645.844(1). Appellant asserts that, at most, two and not four judgments exist against the two real estate agents. The Buheckers argue that NRS 645.844(1) is a remedial statute and should be construed liberally.

Previous application of NRS 645.844(1)

The Buheckers urge this court to liberally construe NRS 645.844(1) so as to allow them a maximum amount of recovery. They cite to Colello v. Administrator, Real Estate Division, 100 Nev. 344, 347, 683 P.2d 15, 16 (1984), where we held that the primary purpose of the ERRF is to aid victims of real estate fraud. In Colello, we also held “statutes with a protective purpose should be liberally construed in order to effectuate the benefits intended to be obtained.” Id. at 347, 683 P.2d at 17. However, the issue considered in Colello is distinguishable from the current appeal, and the underlying facts of Colello support the interpretation that joint owners of property receive one judgment.
In Colello, we considered whether a victim’s $10,000.00 recovery under the ERRF waived the right to recover any remaining judgment should the original defendants later acquire collectable assets. Id. at 346, 683 P.2d at 16. The district court found that once a claimant received the $10,000.00 under the ERRF, any rights to excess judgment were assigned to the Real Estate Division. Id. We reversed and concluded that a claimant had the right to collect any remaining judgment should the original defendants later become solvent. Id. at 348, 683 P.2d at 17.
However, it is noteworthy that the claimants in Colello were husband and wife and joint owners of the property. They had a judgment of $46,394.95 against one real estate licensee. Id. at 346, 683 P.2d at 16. The amount awarded to the couple was $10,000.00. Id.
*1150 Consistent with Colello is the principle of law that “a judgment in favor of joint plaintiffs should be joint if their cause of action is joint.” 49 C.J.S. Judgments § 33 (1997). Here, as in Colello, the Buheckers shared common claims for relief against each of the real estate agents. There is no indication that Mr. Buhecker’s causes of action are somehow different and separate from Mrs. Buhecker’s. This is supportive of a finding that the Buheckers’ judgment is not separable between them, but is joint in nature, therefore affording them two awards of $10,000.00 from the ERRF, one for each original defendant.

Legislative history

Appellant argues the legislative history of NRS 645.844(1) illustrates that the Nevada Legislature intended recovery to be limited to $10,000.00 per final judgment in cases of multiple plaintiffs. The Buheckers cite several other states’ real estate recovery funds and case law, arguing this court should liberally construe NRS 645.844(1) so as to allow maximum recovery. We find that legislative history of the statute is persuasive of appellant’s interpretation and that other states’ recovery fund provisions are distinguishable for purposes of this case.
We have held that the “intent of the legislature is the controlling factor in statutory interpretation.” Cleghorn v. Hess, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993). Further, the amendment of a statute is persuasive evidence of what the legislature intended by the original statute. Sheriff v. Smith, 91 Nev. 729, 734, 542 P.2d 440, 443 (1975).
In 1985, the Nevada Legislature amended NRS 645.844(1). S.B. 268, 63d Leg. (Nev. 1985). The amount recoverable from the fund was changed to $10,000.00 per judgment, rather than per claimant. S.B. 268, 63d Leg. (Nev. 1985). This is evidence that the legislature intended to limit joint claimants’ recovery to $10,000.00 per judgment they received, and not to each claimant. Thus, the number of claimants in a joint action is irrelevant; only the number of judgments they received together is determinative of their recovery under the ERRF. Under the Buheckers’ analysis, judgment is each plaintiff’s separate right to recover, which is precisely the interpretation S.B. 268 rejected. Therefore, we conclude that the Buheckers could not have four judgments against only two real estate agents.
The only reference to S.B. 268 outside the actual amendment is an overview of the bill prepared by then Administrator of the Real Estate Division, Lynn Luman (“Luman”). Minutes of the *1151 Assembly Committee on Commerce, 63d Leg. at 2 (Nev., May 22, 1985). Luman described the amendment to NRS 645.844(1) as a “clarification of the liability limit” of the ERRF. Id., Exhibit C at 3. Thus, the amendment was not a change in the legislature’s intent, but a clarification of the statute’s liability limitations.
The Buheckers argue that California, Colorado, and Hawaii cases applying similar statutes are supportive of their position that the statute should be liberally interpreted. Indeed, we also have stated that the ERRF recovery statute should be interpreted liberally. See Colello, 100 Nev. at 347, 683 P.2d at 17. However, as discussed above, the actions of the Nevada Legislature and our prior holdings make it clear that the liability of the fund is to be specifically limited to $10,000.00 per judgment, not $10,000.00 per claimant or cause of action.
Additionally, the district court’s finding that each of the Buheckers had separate judgments against the real estate agents does not comport with logic. Had either of the real estate agents been able to appeal the judgment, that appeal would not be only from Mr. Buhecker’s judgment or Mrs. Buhecker’s judgment. Rather, any appeal would have been from the final judgment of the Buheckers together against either of the agents. Therefore, we conclude the Buheckers jointly had judgments against each of the two real estate agents, for a total recovery from the ERRF in the amount of $20,000.00.

CONCLUSION

Based on the reasoning discussed above, we reverse the district court’s summary judgment order and remand for judgment to be entered for the Buheckers to recover a total of $20,000.00 from the ERRF.