NEVADA POWER COMPANY, Appellant, *v.* METRO-POLITAN DEVELOPMENT COMPANY, aka METRO-POLITAN DEVELOPMENT CORPORATION, Respondent.

No. 17774

December 21, 1988                                      765 P.2d 1162

[Rehearing denied March 8, 1989]

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Joseph and Daniel Foley Associates,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Appellant Nevada Power Company filed a third-party complaint against respondent, Metropolitan Development Company (Metropolitan), which was dismissed when the district court concluded that the limitations period of NRS 11.205[1] barred the action. The district court erred in its conclusion; therefore, we reverse the dismissal.

Serine Cordaro was injured in a fall on March 24, 1982. She filed suit against Nevada Power Company, alleging that her fall was caused by a misalignment between an electrical "pull-box" and the surrounding sidewalk. The suit was filed within the two-year period allowed for personal injury actions. NRS 11.190(4)(e). Nevada Power subsequently filed its third-party complaint against the installer of the pull-box, Metropolitan. Metropolitan moved to dismiss the complaint[2] on the grounds that Nevada Power's complaint had not been filed within eight years

---

[1]11.205 Actions for damages for injury or wrongful death caused by deficiency in construction of improvements to real property: Patent deficiencies.

1. Except as otherwise provided in NRS 11.202 and 11.203, no action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property more than 6 years after the substantial completion of such an improvement, for the recovery of damages for:

(a) Any patent deficiency in the design, planning, supervision or observation of construction or the construction of such an improvement;

(b) Injury to real or personal property caused by any such deficiency; or

(c) Injury to or the wrongful death of a person caused by any such deficiency.

2. Notwithstanding the provisions of NRS 11.190 and subsection 1 of this section, where injury occurs in the sixth year after the substantial completion of such an improvement, an action for damages for injury to property or person, damages for wrongful death resulting from such injury or damages for breach of contract may be commenced within 2 years after the date of such injury, irrespective of the date of death, but in no event may an action be commenced more than 8 years after the substantial completion of the improvement.

3. For the purposes of this section, "patent deficiency" means a deficiency which is apparent by reasonable inspection.

[2]Appellant complains that the district court considered matters outside the pleadings, thereby making the motion into one for summary judgment. NRCP 12(b). This claim has some merit. In particular, we note that the district court relied on the statute applicable to a patent, rather than a latent, negligent, or fraudulent deficiency. *See* NRS 11.202-.205. Our resolution of the case, however, is not affected by this issue; therefore, we do not choose to address it.

of the substantial completion of the installation, as required by NRS 11.205(2). The district court agreed that the suit had not been timely filed, and granted the dismissal.

In our opinion, the district court erred in applying the statute retroactively. NRS 11.205 was enacted on May 24, 1983. 1983 Statutes of Nevada 1273. The underlying cause of action occurred on March 24, 1982. In the absence of clear legislative intent to make a statute retroactive, it will be interpreted to have only a prospective effect. Rice v. Wadkins, 92 Nev. 631, 555 P.2d 1232 (1976); Miller v. Ashurst, 86 Nev. 241, 468 P.2d 357 (1970). The legislative history of NRS 11.205 does not support the conclusion that the statute was meant to be applied retroactively. The district court thus erred in relying on it as the sole basis for the dismissal of the complaint.

The former version of NRS 11.205 was declared unconstitutional in State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983). When a statute is held to be unconstitutional, it is null and void *ab initio;* it is of no effect, affords no protection, and confers no rights. State v. Coleman, 605 P.2d 1000 (Mont.), *cert. denied,* 446 U.S. 970 (1979); Batesel v. Schultz, 91 Nev. 553, 540 P.2d 100 (1975). Consequently, the appropriate statute of limitations *to be applied in this case is* NRS 11.190(4)(e), which allows a plaintiff to file a suit for damages within two years of the date of injury. *See* Lavery v. Wolden, 104 Nev. Adv. Op. 56, August 25, 1988. Cordaro met the requirements of the applicable statute. Appellant's third-party complaint should proceed as directed by NRCP 14(a).[3]

We hereby reverse the order of the district court and remand this matter for further proceedings consistent with the views expressed in this opinion.

---

[3]It is possible that appellant could also pursue an action for contribution. *See* NRS 17.225 *et seq.* We do not reach that issue today.