132 Nev., Advance Opinion 48

IN THE SUPREME COURT OF THE STATE OF NEVADA

SCENIC NEVADA, INC.,
Appellant,
vs.
CITY OF RENO, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 65364

FILED

JUN 3 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying declaratory relief challenging the City of Reno's 2012 digital billboard ordinance. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

*Affirmed.*

Law Offices of Mark Wray and Mark D. Wray, Reno,
for Appellant.

Karl S. Hall, Reno City Attorney, and Jonathan D. Shipman, Deputy City Attorney, Reno,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PICKERING, J.:

The Nevada Constitution secures the right of the people to enact or repeal statutes by initiative petition, followed by direct democratic vote. To protect the initiative process, the Nevada

16-20462

Constitution prohibits the Legislature from amending or repealing a voter-initiated statute for three years after it takes effect. Nev. Const. art. 19, § 2(3). Although Section 2(3) refers to "statutes" enacted by initiative, Section 4 extends the initiative powers in Article 19 to "the registered voters of each county and each municipality as to all local, special and municipal legislation of every kind in or for such county or municipality." Here, we are asked to decide two questions: first, whether the three-year legislative moratorium in Article 19, Section 2(3) applies to voter-initiated municipal ordinances; and second, whether amendments to a voter-initiated ordinance during the three-year legislative moratorium may be validly incorporated into a subsequent ordinance after the three-year moratorium expires. We hold that the three-year legislative moratorium applies to municipal initiatives and, though the City of Reno enacted two ordinances amending the voters' initiative within three years of its passage, the subsequent reenactment of those ordinances after the three-year legislative moratorium cured the constitutional defect. Accordingly, we affirm the district court's order entering judgment in favor of the City of Reno.

I.

Appellant Scenic Nevada, Inc. is a volunteer organization that was formed in January 2000 to advocate for stronger billboard controls in the City of Reno (City). It qualified an initiative for submission to general-election voters in 2000 as Ballot Question R-1, which asked voters to adopt the following ordinance: "The construction of new off-premises advertising displays/billboards is prohibited, and the City of Reno may not issue permits for their construction." The initiative passed by a wide margin. After being certified by the Reno City Council on November 14, 2000, the

Initiative Ordinance became effective and is now codified as Reno Municipal Code (RMC) § 18.16.902(a).

Within the first three years of the new law's effective date, the City enacted two billboard-related ordinances. The first, Ordinance No. 5295 (the Conforming Ordinance), was enacted on January 22, 2002, and interpreted the Initiative Ordinance's prohibition on new construction as a cap on the number of billboards that could be built in the City of Reno. The Conforming Ordinance stated, "In no event shall the number of off-premises advertising displays exceed the number of existing off-premises advertising displays located within the City on November 14, 2000." RMC § 18.16.902(b). The second, Ordinance No. 5461 (the Banking Ordinance), was enacted on June 11, 2003, and allowed owners of existing, legally established billboards to remove the billboard and "bank" a receipt for up to 15 years in order to relocate it to a different location. RMC § 18.16.908.

On October 24, 2012, after four years of public process, the City Council enacted a third ordinance, Ordinance No. 6258, entitled in part "Digital Off-Premises Advertising Displays, including Light-Emitting Diode (LED)" (the Digital Ordinance). Prior to the Digital Ordinance, RMC required that all lights on billboards be directed toward the billboard. However, the Digital Ordinance created an exception for digital advertising displays, along with strict standards regarding illumination, timing, and presentation. In addition to creating the exception for digital billboards, the Digital Ordinance also reenacted and amended the Conforming Ordinance and the Banking Ordinance to accord with the Digital Ordinance. RMC § 18.16.905.

On November 16, 2012, Scenic Nevada filed a complaint for judicial review, seeking to invalidate the Digital Ordinance. It alleged

that any digital billboards erected pursuant to the Digital Ordinance would necessarily be "new billboards" prohibited by the 2000 Initiative Ordinance and, to the extent that they were allowed as an existing billboard under the Conforming and Banking Ordinances, those ordinances were invalidly enacted during the three-year legislative moratorium that followed enactment of the Initiative Ordinance. Of note, Scenic Nevada did not and does not on appeal seek to disturb any ostensibly vested rights arising under the 2002 and 2003 Conforming and Banking Ordinances but, rather, to invalidate the 2012 Digital Ordinance.[1] After the district court granted the City's motion to dismiss, Scenic Nevada filed an amended complaint requesting declaratory relief. The district court held a bench trial, after which it entered judgment for the City, finding that the three-year legislative moratorium under Section 2(3) of the Nevada Constitution does not apply to municipal initiatives and that the Conforming, Banking, and Digital Ordinances were valid exercises of the City's legislative power. Scenic Nevada appeals.

## II.

"When legal, not factual, issues are at play, this court reviews de novo a district court order resolving a request for declaratory relief." *Las Vegas Taxpayer Accountability Comm. v. City Council of Las Vegas*, 125 Nev. 165, 172, 208 P.3d 429, 433 (2009); *see also Educ. Initiative PAC v. Comm. to Protect Nev. Jobs*, 129 Nev. 35, 41, 293 P.3d 874, 878 (2013).

---

[1]In its reply brief, Scenic Nevada states as follows: "The vested rights of those holders of banked billboard receipts to relocate static billboards shall not be affected by anything decided in this appeal. Scenic Nevada has never asked for those vested rights as to static billboards to be taken away, either. This case always has aimed solely at invalidating the 2012 digital billboard ordinance."

Scenic Nevada seeks to invalidate the 2012 Digital Ordinance because it incorporated the 2002 and 2003 Conforming and Banking Ordinances, which were enacted within the first three years of the voters' 2000 Initiative Ordinance. The City argues that the three-year legislative moratorium does not apply to municipalities and, even if it did, "the initiative did not bind or limit the City Council's legislative discretion in 2012 when it adopted the digital board ordinance."

## A.

The Nevada Constitution prohibits the Legislature from amending or repealing an initiative measure approved by the voters within three years from the date it takes effect. Nev. Const. art. 19, § 2(3).[2] While Section 2(3) only refers to initiative-based "statute[s]," Section 4 extends the initiative power in Article 19 to "the registered voters of each county and each municipality as to all local, special and municipal legislation of every kind in or for such county or municipality." Based on Section 4's extension of the initiative power to municipal legislation, Scenic Nevada argues that the three-year legislative

---

[2]Section 2(3) states in relevant part:

> If a majority of the voters voting on such question at such election votes approval of such statute or amendment to a statute, it shall become law and take effect upon completion of the canvass of votes by the Supreme Court. An initiative measure so approved by the voters shall not be amended, annulled, repealed, set aside or suspended by the Legislature within 3 years from the date it takes effect.

Nev. Const. art. 19, § 2(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

moratorium applies to initiative-based municipal ordinances, equally with initiative-based statutes.

The City disagrees. It cites NRS 295.220, which provides that an approved municipal initiative ordinance "shall be treated in all respects in the same manner as ordinances of the same kind adopted by the council."[3] According to the City, under the authority of Reno City Charter (RCC) § 2.080, "[c]ity ordinances may be enacted on one day, and subsequently amended, annulled, repealed, set aside or suspended any time thereafter . . . ." Thus, the City maintains that, under NRS 295.220 and RCC § 2.080, an initiative-based municipal ordinance is immediately subject to amendment or repeal, equally with any other municipal ordinance.

"[T]he initiative power given to the electors of a municipality with respect to municipal legislation is no different from the initiative power given to the people as a whole with respect to state matters." *Rea v. City of Reno*, 76 Nev. 483, 486, 357 P.2d 585, 586 (1960). Though this court has not considered whether Article 19, Section 2(3) applies to *municipal* initiatives, it has applied the three-year legislative moratorium to initiatives that passed legislation at the county level. *See Sustainable Growth Initiative Comm. v. Jumpers, LLC*, 122 Nev. 53, 73, 128 P.3d 452, 466 (2006) (stating "[a]mendment of an initiative is prohibited within the first three years of its passage" when analyzing whether the legislative

---

[3]NRS 295.220 states in relevant part: "If a majority of the registered voters voting on a proposed initiative ordinance vote in its favor, it shall be considered adopted upon certification of the election results and shall be treated in all respects in the same manner as ordinances of the same kind adopted by the council."

body needed to amend a county initiative); *Garvin v. Ninth Judicial Dist. Court*, 118 Nev. 749, 763, 59 P.3d 1180, 1189 (2002) ("Nevada's Constitution reserves to the people the power to propose, by initiative petition, statutes and amendments to statutes and the constitution, and to enact or reject them at the polls, and further reserves the initiative and referendum powers to the registered voters of each county and municipality as to *all local, special and municipal legislation of every kind* in and for the county or municipality.") (citing Nev. Const. art. 19, §§ 2, 4).

Though NRS 295.220 states that municipal initiative ordinances are treated the same as ordinances adopted by the city council, the City's interpretation that NRS 295.220 provides that municipal initiative ordinances can be immediately repealed would contradict the constitutional protections afforded to voter initiatives. "Where a statute is susceptible to both a constitutional and an unconstitutional interpretation, this court is obliged to construe the statute so that it does not violate the constitution." *Whitehead v. Nev. Comm'n on Judicial Discipline*, 110 Nev. 874, 883, 878 P.2d 913, 919 (1994). Thus, we hold that the provisions of NRS 295.220 do not circumvent the three-year legislative moratorium for municipalities. Instead, NRS 295.220 instructs municipalities as to the legislative powers they have with respect to initiative-based ordinances *after* the three-year moratorium expires. Despite NRS 295.220, the Nevada Constitution allows voter initiatives to be protected for the three-year legislative moratorium. Thereafter, a city council can amend, repeal, set aside, or suspend the initiative as it would any other ordinance.

Here, the City Council enacted both the Conforming Ordinance and the Banking Ordinance within the three-year moratorium. The Initiative Ordinance banning new billboards went into effect on

November 14, 2000, creating a three-year legislative moratorium until November 14, 2003. The Conforming and Banking Ordinances were enacted on January 22, 2002, and June 11, 2003, respectively. Because the City enacted the Conforming and Banking Ordinances within three years of the Initiative Ordinance's effective date, and the ordinances amended the meaning of the Initiative Ordinance, the Conforming and Banking Ordinances are unconstitutional, and therefore void.[4] *See Nev. Power Co. v. Metro. Dev. Corp.*, 104 Nev. 684, 686, 765 P.2d 1162, 1163-64 (1988) ("When a statute is held to be unconstitutional, it is null and void *ab initio*; it is of no effect, affords no protection, and confers no rights.").

## B.

Though a statute may be void *ab initio*, reenactment may cure the constitutional defect so long as the reenacted bill is free of constitutional infirmities. *See* 1A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 22.31 (7th ed. 2009) ("Any defect in a statute as originally enacted may be cured when the statute is subsequently reenacted in a bill not subject to the infirmity of the original bill."); *id.* § 22.4 ("[T]o validate an unconstitutional act by amendment, the whole act must be reenacted as amended."); *see also Belcher Oil Co. v. Dade Cty.*, 271 So. 2d 118, 121 (Fla. 1972) ("The rule in Florida is that all infirmities or defects in the title of a reenacted statute are cured by reenactment; and this is true whether the statute has been previously

---

[4]Though the district court's order indicates that the Conforming and Banking Ordinances were clarifications based on the ambiguity of the Initiative Ordinance, the City did not make that argument on appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating this court need not consider claims that are not cogently argued or supported by relevant authority).

declared inoperative or not."); *People v. Crutchfield*, 35 N.E.3d 218, 229 (Ill. App. Ct. 2015) ("When a statute is held unconstitutional because it was adopted in violation of the single subject rule, the legislature may revive the statute by reenacting the same provision, but in a manner that does not offend the single subject rule."); *Morin v. Harrell*, 164 P.3d 495, 496 (Wash. 2007) (concluding that a challenge to either the "single subject" rule or the "subject in title" rule "is precluded when the allegedly constitutionally infirm legislation has been subsequently reenacted or amended to properly titled legislation. Such amendment or reenactment cures the [constitutional] defect").

Here, it is undisputed that the Reno City Council enacted the Conforming and Banking Ordinances within the three-year legislative moratorium, rendering the ordinances void *ab initio*. However, when the City Council enacted the 2012 Digital Ordinance—nine years after the three-year legislative moratorium expired—it reenacted as amended both the Conforming and Banking Ordinances. *See* RMC §§ 18.16.902, 18.16.908. As the City Council had the statutory authority to treat the voters' Initiative Ordinance "in the same manner as ordinances of the same kind adopted by the council," NRS 295.220, and the Nevada Constitution did not prohibit any such action as the three-year legislative moratorium had expired, the 2012 Digital Ordinance was enacted with full constitutional and statutory authority. Thus, upon reenactment, the constitutional defects in the Conforming and Banking Ordinances were cured. Since Scenic Nevada limits the relief it seeks to the prospective invalidation of the 2012 Digital Ordinance based on antecedent infirmities in the 2002 and 2003 Conforming and Banking Ordinances, which

SUPREME COURT
OF
NEVADA

(O) 1947A

9

infirmities were cured when the 2012 Digital Ordinance reenacted them outside the moratorium period, no question arises in this case as to the impact the interim invalidity of the 2002 and 2003 Conforming and Banking Ordinances may have on persons who relied on those Ordinances. *See supra* note 1.

## III.

We hold that the three-year legislative moratorium imposed under Nevada Constitution Article 19, Section 2(3) for voter initiatives applies to municipalities through Article 19, Section 4. After the three-year legislative moratorium expires, NRS 295.220 empowers municipalities to treat municipal initiative-based ordinances as they would any other municipal ordinance. Here, though the Conforming and Banking Ordinances were not validly enacted, their subsequent reenactment after the three-year legislative moratorium expired validated them. We therefore affirm, albeit for a different reason than that given by the district court. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010).

_____, J.
Pickering

We concur:

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A