# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRUDI LEE LYTLE; AND JOHN ALLEN LYTLE, AS TRUSTEES OF THE LYTLE TRUST,<br>Appellants,<br>vs.<br>SEPTEMBER TRUST, DATED MARCH 23, 1972; GERRY R. ZOBRIST; JOLIN G. ZOBRIST, AS TRUSTEES OF THE GERRY R. ZOBRIST AND JOLIN G. ZOBRIST FAMILY TRUST; RAYNALDO G. SANDOVAL; JULIE MARIE SANDOVAL GEGEN, AS TRUSTEES OF THE RAYNALDO G. AND EVELYN A. SANDOVAL JOINT LIVING TRUST AND DEVOLUTION TRUST DATED MAY 27, 1992; DENNIS A. GEGEN; AND JULIE S. GEGEN, HUSBAND AND WIFE, AS JOINT TENANTS,<br>Respondents. | No. 76198 |
| TRUDI LEE LYTLE; JOHN ALLEN LYTLE; AND LYTLE TRUST,<br>Appellants,<br>vs.<br>SEPTEMBER TRUST, DATED MARCH 23, 1972; GERRY R. ZOBRIST; JOLIN G. ZOBRIST, AS TRUSTEES OF THE GERRY R. ZOBRIST AND JOLIN G. ZOBRIST FAMILY TRUST; RAYNALDO G. SANDOVAL; JULIE MARIE SANDOVAL GEGEN, AS TRUSTEES OF THE RAYNALDO G. AND EVELYN A. SANDOVAL JOINT LIVING TRUST AND DEVOLUTION TRUST DATED MAY 27, 1992; DENNIS A. GEGEN; AND JULIE S. GEGEN, HUSBAND AND WIFE, AS JOINT TENANTS,<br>Respondents. | No. 77007 |

FILED

MAR 02 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

20-08333

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders granting summary judgment and awarding attorney fees in a real property action. Eighth Judicial District Court, Clark County; Mark B. Bailus, Judge.

Appellants Trudi and John Lytle and the Lytle Trust (the Lytles) own property in Rosemere Estates and appeal judgments in the latest of a long line of cases arising from disputes with their homeowners' association. As the parties are familiar with the complex litigation history underlying this case, we do not recount the whole of it here. As pertinent to this appeal, the Lytles litigated three cases against their homeowners' association, which the Lytles term NRED 1, NRED 2, and NRED 3. They ultimately prevailed against the association in each case, receiving awards of $361,238.59, $1,103.158.21, and $15,462.60, respectively. Importantly, the lower court in NRED 1 determined the association was a limited purpose association as defined by NRS 116.1201 and not a Chapter 116 unit-owners association, and that the amended CC&Rs, which would have substantially increased the scope and complexity of the governing CC&Rs, were *void ab initio*. We affirmed that decision. *See Rosemere Estates Prop. Owners Ass'n v. Lytle*, Docket Nos. 63942, 65294 & 65721 (Order Affirming (Docket No. 63942); Vacating and Remanding (Docket No. 65294); Affirming in Part, Reversing in Part, and Remanding (Docket No. 65294); and Vacating and Remanding (Docket No. 65721)). The district court order in NRED 2 likewise recognized that the amended CC&Rs were *void ab initio* and the association was not a Chapter 116 unit-owners association.

Following the judgment in NRED 1, the Lytles recorded abstracts of judgment against the other eight properties in Rosemere to

SUPREME COURT
OF
NEVADA

(O) 1947A

recover their $361,238.59 judgment. Two homeowners, Marjorie Boulden and Linda and Dr. Jacques Lamothe, filed a complaint seeking an injunction to restrain the Lytles from foreclosing on their properties and to strike the abstracts of judgment. The district court granted partial summary judgment, awarding the plaintiffs a permanent injunction against the Lytles and ordering the abstracts of judgment expunged and stricken from the Clark County records. The Lytles appealed that decision to this court and subsequently released the liens against the Boulden and Lamothe properties. While that appeal was pending, the respondents in this case learned of their neighbors' success and contacted the Lytles to request that the Lytles likewise release the abstracts of judgment from their properties. The Lytles refused, and the respondents filed a complaint substantially similar to the Boulden/Lamothe complaint, requesting an order restraining the Lytles from foreclosing on their properties, canceling and expunging the abstracts of judgment, and declaring the Lytles had no right to or interest in the properties for any of the NRED judgments.

Respondents' case was consolidated below with the remainder of the Boulden/Lamothe case. The district court thereafter granted summary judgment for respondents, and further granted their motion for attorney fees and costs. Subsequently, we affirmed the grant of partial summary judgment in favor of Boulden and Lamothe. *Lytle v. Boulden*, Docket No. 73039 (Order of Affirmance, December 4, 2018). We explained that under the plain language of Chapter 116, limited purpose associations are not subject to Chapter 116 outside of certain express statutory exceptions, and that NRS 116.3117 is not among those exceptions. *Id.* Moreover, we were not persuaded by the Lytles' arguments that other Nevada law, notably equitable principles or the general principles of

common-interest communities, would allow them to record abstracts of judgment against homeowners who were not parties in the litigation against Rosemere and whose properties were not the subject of any lawsuit. *Id.*

In the present appeal, the Lytles argue the district court erred by granting summary judgment in favor of respondents and abused its discretion by awarding respondents attorney fees and costs, contending the district court improperly applied, as law of the case, its earlier Boulden/Lamothe summary judgment. We have carefully reviewed the record and conclude the district court did not err under the particular facts present here.

We review a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists "and that the moving party is entitled to a judgment as a matter of law." *Id.*

We previously addressed in Docket No. 73039 whether the Lytles could rely on NRS 116.3117 to record abstracts of judgment against the individual properties in Rosemere. That decision constitutes law of the case here, where the respondents' case has been consolidated with the Boulden/Lamothe case and the claims and legal issues in the two are substantially the same. *See Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010) (stating "that when an appellate court decides a principle or rule of law [either expressly or by necessary implication], that decision governs the same issues in subsequent proceedings in that case"); *LoBue v. State ex rel. Dep't of Highways*, 92 Nev. 529, 532, 554 P.2d 258, 260 (1976) ("The law of the first appeal is the law of

the case on all subsequent appeals in which the facts are substantially the same." (internal quotations omitted)).

The Lytles concede our decision in Docket No. 73039 resolves the summary judgment issues as related to NRED 1 and 3. However, the Lytles argue the order in Docket No. 73039 does not resolve the arguments as related to NRED 2, as in that case the Lytles and the association stipulated that the amended CC&Rs were valid and enforceable for purposes of the NRED 2 litigation, and under those amended CC&Rs the Lytles could rely on NRS 116.3117 to record abstracts of judgment against the properties to recover their judgment in NRED 2.[1]

We see no factual differences that would distinguish this case from Docket No. 73039 or enable the Lytles to record abstracts of judgment against the subject properties to recover the NRED 2 judgment. Although the Lytles and the association signed a stipulation in NRED 2, that stipulation was for the purposes of NRED 2 only and was between the Lytles and the association. The respondents were not parties to the NRED 2 litigation nor did they sign the stipulation. Moreover, the order granting summary judgment for the Lytles in NRED 2 acknowledged that the amended CC&Rs were *void ab initio*, meaning those documents never had force or effect. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006) (addressing a complaint); *Nev. Power Co. v. Metro. Dev. Co.*, 104 Nev. 684, 686, 765 P.2d 1162, 1163-64

---

[1]The Lytles further argue that equitable principles should operate to allow them to utilize NRS 116.3117, and they contest this court's analysis in Docket No. 73039 of NRS 116.1201 and whether the plain language rule applies to Chapter 116. We addressed similar arguments in Docket No. 73039 and after doing so again here, we remain convinced they are without merit.

(1988) (addressing a statute); *see also Void Ab Initio, Black's Law Dictionary* (11th ed. 2019) ("Null from the beginning, as from the first moment when a contract is entered into."). Thus, the stipulation does not apply to the present case, and, moreover, the CC&Rs upon which the Lytles rely had no force and cannot be used to justify applying NRS 116.3117 here. Accordingly, we affirm the grant of summary judgment.[2]

We next consider the attorney fees award. We review an award of attorney fees for a manifest abuse of discretion, but will review questions of law de novo. *Pardee Homes of Nev. v. Wolfram,* 135 Nev. 173, 176, 444 P.3d 423, 425-26 (2019). NRS 18.010(2)(b) allows the court to award attorney fees to the prevailing party where the complaint or defense was brought or maintained either to harass the prevailing party or without reasonable ground. The statute instructs courts to "liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations." NRS 18.010(2)(b). Under this provision, a defense is without reasonable ground if no credible evidence supports it. *See Capanna v. Orth,* 134 Nev. 888, 895, 432 P.3d 726, 734 (2018) (addressing NRS 18.010(2)(b)). The analysis of whether the party acted on reasonable grounds "depends upon the actual circumstances of the case rather than a hypothetical set of facts favoring [the party's] averments." *Bergmann v. Boyce,* 109 Nev. 670, 675, 856 P.2d 560, 563 (1993), *superseded by statute on*

---

[2]We need not address the Lytles' argument that the district court improperly relied on the law-of-the-case doctrine, as the record demonstrates the district court based its decision on the parties' arguments and, moreover, we conclude the district court reached the correct result here. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.,* 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

*other grounds as stated in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017). A district court may decide an award for attorney fees "despite the existence of a pending appeal from the underlying final judgment." NRCP 54(d)(2)(A).

In its order awarding attorney fees and costs, the district court made detailed findings of fact, concluded the Boulden/Lamothe summary judgment order constituted law of the case, and noted that after the court entered that order, the Lytles had an opportunity to avoid the present litigation while still preserving their legal arguments for appeal. We need not address whether the prior order awarding partial summary judgment constituted law of the case,[3] as we conclude that under the circumstances here the district court did not manifestly abuse its discretion.

The record shows that the respondents approached the Lytles after the district court determined the Lytles improperly recorded the abstracts of judgment to recover for NRED 1. Respondents requested that the Lytles likewise remove the abstracts of judgment from their properties, but the Lytles refused to do so, despite removing the abstracts of judgment from the Boulden and Lamothe properties. The Lytles have not shown why they could not have accommodated the respondents while still preserving their arguments for appeal from the Boulden/Lamothe summary judgment, thereby avoiding this litigation. And although the partial summary

---

[3]Although this court has previously stated that trial court decisions do not constitute law-of-the-case, *see Byford v. State*, 116 Nev. 215, 232, 994 P.2d 700, 711-12 (2000), we note that federal law provides that the doctrine applies to district court decisions, although it does not preclude a district court from reconsidering its own rulings unless a higher court has ruled on the issue and mandated a certain outcome. *See, e.g., Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018); *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 833-34 (9th Cir. 1982).

judgment order was pending on appeal at the time the district court awarded the respondents attorney fees, NRCP 54(d)(2)(A) allows the court to decide attorney fees under the known facts and despite any pending appeal. Under these particular facts, therefore, we conclude the district court did not abuse its discretion by concluding the Lytles maintained their defense without reasonable ground, and we affirm the award of attorney fees. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Mark B. Bailus, District Judge
        Lewis Roca Rothgerber Christie LLP/Las Vegas
        Gibbs Giden Locher Turner Senet & Wittbrodt LLP/Las Vegas
        Christensen James & Martin
        Eighth District Court Clerk