ELIZABETH J. ALSENZ, Individually and as Special Administratrix of the Estate of MISTY ALEXANDER, Deceased; VIRGINIA DAVIS; GINGER McKELL; GLENNA J. ALSENZ; and JOSE ALSENZ, Appellants, v. TWIN LAKES VILLAGE, INC.; BOYLE ENGINEERING CORPORATION, a California Corporation; WALTER F. ZICK & HARRIS P. SHARP ARCHITECTS-ENGINEERS, INC., a Nevada Corporation, dba HSA ARCHITECTS, INC.; and RICHARD J. BAUGHMAN, Civil Engineer, Respondents.

No. 22724

STEPHEN BARBER; PATRICIA BARBER; DANIELLE BARBER; JOHN J. LYNCH; NANCY J. LYNCH; LOUIS E. MASSETT; VIRGINIA M. MASSETT; LINDA S. NIELSON; BOBBI NEWMAN; CAROL WILMINGTON; TED ZUBA; JAMES COPPOLA; JAMES W. KISLING; R. SUE KISLING; RICHARD EDWARD JOSEPH, JR.; ELAINE JOSEPH; and JAMES A. AABY, Appellants, v. BAUGHMAN AND TURNER, INC., a Nevada Corporation; HALCO, INC., a Nevada Corporation; DELTA SURVEYING, INC., dba DELTA ENGINEERING, INC.; FALCON HOMES, fka YOUNG AMERICAN HOMES, INC., a Nevada Corporation; BRUCE E. ADDIS; PRIMERIT BANK, FEDERAL SAVINGS BANK fka NEVADA SAVINGS & LOAN ASSOCIATION, Respondents.

No. 22912

December 22, 1992 843 P.2d 834

*Brent E. Leavitt,* Las Vegas, for Appellants (Case No. 22724 and Case No. 22912).

*Thompson & Harper,* Las Vegas, for Respondent Twin Lakes Village, Inc. (Case No. 22724).

*Lionel, Sawyer & Collins,* Las Vegas, for Respondent Boyle Engineering Corp. (Case No. 22724).

*Rawlings, Olson & Cannon,* and *Richard E. Desruisseaux,* Las Vegas, for Respondents Zick & Harris P. Sharp Architects-Engineers, Inc. (Case No. 22724) and Halco, Inc. (Case No. 22912).

*Wells, Kravitz, Schnitzer, Sloane & Lindsey,* Las Vegas, for Respondent Baughman (Case No. 22724).

*Hafen & Mayor,* and *William B. Palmer,* Las Vegas, for Respondent Baughman and Turner, Inc. (Case No. 22912).

*Robison, Belaustegui, Robb and Sharp,* and *Barry L. Breslow,* for Respondent Delta Surveying, Inc. (Case No. 22912).

*Parnell & Associates,* and *Joseph J. Purdy,* Las Vegas, for Respondent Falcon Homes (Case No. 22912).

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Steven B. Williams* and *Daniel F. Polsenberg,* Las Vegas, for Respondent Addis (Case No. 22912).

*LeFebvre, Barron & Oakes,* Las Vegas, for Respondent Primerit Bank (Case No. 22912).

# OPINION

*Per Curiam:*

Case No. 22724 involves an action for wrongful death. On June 10, 1990, Misty Alexander (Misty) drove her car into a flooded intersection in Las Vegas. Respondents had constructed allegedly defective flood control channels in the intersection. The flood waters swept Misty's vehicle into one of the channels. She drowned. On September 25, 1990, Misty's estate filed a wrongful death action against respondents.

Case No. 22912 involves an action for damages to real property. On June 10, 1990, rainstorms caused flooding in Las Vegas. Appellant homeowners suffered damages to their real and personal property as a result of the flooding. On July 26, 1990, the homeowners brought suit against the respondent developers, alleging various claims of deficient construction.

In both cases respondents moved to dismiss the actions for failure to state a claim upon which relief could be granted, pursuant to NRCP 12(b)(5). Because the district court in each case considered matters outside the pleadings, each motion was treated as one for summary judgment. In each case the district court granted summary judgment for respondents, holding that NRS 11.202-11.205 barred the claims.

The district court in both cases ruled that the statutes of repose enacted in 1983 barred the actions. *See* NRS 11.203-11.205. The single issue in these consolidated appeals is whether the district court erred in applying the statutes of repose. For the reasons stated below, we conclude that the district court erred in both cases. We therefore reverse both district court judgments and remand these matters for further proceedings consistent with this opinion.

A statute of repose is distinguishable from a statute of limitations. As we stated in Allstate Ins. Co. v. Furgerson, 104 Nev. 772, 775 n.2, 766 P.2d 904, 906 n.2 (1988):

> "Statutes of repose" bar causes of action after a certain period of time, regardless of whether damage or an injury has been discovered. In contrast, "statutes of limitation" foreclose suits after a fixed period of time following occurrence or discovery of an injury.

The legislature enacted the statutes of repose to protect persons engaged in the planning, design and construction of improvements to real property who otherwise would endure unending liability, even after they had lost control over the use and maintenance of the improvement. Nevada Lakeshore Co. v. Diamond Elec., Inc., 89 Nev. 293, 295-96, 511 P.2d 113, 114 (1973).

Nevada's statutes of repose, NRS 11.203-11.205, bar actions for deficient construction after a certain number of years from the date construction was substantially completed. NRS 11.203(1) provides that an action based on a known deficiency may not be brought "more than 10 years after the substantial completion of such an improvement . . . ." NRS 11.204(1) provides that an action based on a latent deficiency may not be commenced "more than 8 years after the substantial completion of such an improvement . . . ." NRS 11.205(1) provides that an action based on a patent deficiency may not be not commenced "more than 6 years after the substantial completion of such an improvement . . . ."

In 1983, we held that the then-existing version of NRS 11.205 was unconstitutional. State Farm v. All Electric, Inc., 99 Nev. 222, 229, 660 P.2d 995, 1000 (1983), *modified,* Wise v. Bechtel Corp., 104 Nev. 750, 754, 766 P.2d 1317, 1319 (1988). The legislature responded in 1983 by enacting the current versions of the statutes. We subsequently noted that our holding in *All Electric, Inc.* rendered NRS 11.205 void *ab initio.* Nevada Power v. Metropolitan Dev. Co., 104 Nev. 684, 686, 765 P.2d 1162, 1164 (1988). Since that time, we have held that the current versions of the statutes of repose may not be applied retroactively to bar any claim based upon construction substantially completed prior to 1983. *See* Lotter v. Clark Co. Bd. of Commissioners, 106 Nev. 366, 793 P.2d 1320 (1990); Tahoe Village Homeowners v. Douglas Co., 106 Nev. 660, 799 P.2d 556 (1990). In those cases, we premised our holdings on the absence of legislative directive or intent to apply the 1983 statutes retroactively.

In the cases at hand, appellants assert that the district court erred in applying the statutes of repose because respondents substantially completed the construction prior to 1983. We agree.

Respondents in both cases unconvincingly assert that because the appellants' injuries *occurred* after the 1983 statutes of repose became effective, the statutes serve to bar appellants' claims.

We conclude that respondents misconstrue the application of the statutes of repose. The *date of injury* does not trigger the time periods set forth in the statutes of repose. Instead, the statutes are activated by the construction's *date of substantial completion.* Indeed, the language of NRS 11.203-11.205 clearly states that no actions may be commenced more than a certain number of years "after the substantial completion of such an improvement . . . ." As we held in *Nevada Lakeshore Co.,* the statutes of repose period commences on "'substantial completion of such an improvement'—*regardless of when any injury or damages might occur or be discovered."* *Nevada Lakeshore Co.,* 89 Nev. at 296, 511 P.2d at 114 (quoting NRS 11.205). (Emphasis added.)

Even though appellants did not bring suit within the ten-year time limit elucidated in NRS 11.203(1), the statute does not bar the action. The 1983 statutes of repose do not apply retroactively to actions commenced *before* the effective date of the recent amendment to the statutes of repose, Senate Bill (SB) 105.[1]

Nevertheless, SB 105 retains importance for a few appellants. On April 10, 1991, a new plaintiff[2] joined Case No. 22912 and three new defendants were named: Halco, Inc. (Halco), Delta Surveying, Inc. (Delta), and PriMerit Bank (PriMerit). On August 23, 1991, five new plaintiffs[3] joined Case No. 22912. Respondents argue that the new plaintiffs' claims are barred by retroactive application of the statutes and that all claims against

---

[1]On April 10, 1991, the legislature enacted SB 105, which directs the retroactive application of NRS 11.203-11.205. The bill provides:

> Section 1. 1. Except as otherwise provided in subsection 2, the periods of limitation on actions set forth in NRS 11.203, 11.204, and 11.205 apply retroactively to actions in which the substantial completion of the improvement to real property occurred before July 1, 1983.
> 2. The provisions of subsection 1 do not limit an action:
> (a) *That was commenced before the effective date of this act;* or
> (b) If so doing would constitute an impairment of the obligation of contracts under the Constitution of the United States or the [C]onstitution of the State of Nevada.
> Sec. 2. This act becomes effective upon passage and approval.

1991 Nev. Stat. Ch. 70 at 132 (emphasis added).

[2]The new plaintiff was James Coppola.

[3]The new plaintiffs were James W. Kisling, R. Sue Kisling, Richard Edward Joseph, Jr., Elaine Joseph and James A. Aaby.

Halco, Delta and PriMerit are barred as well because the additional plaintiffs filed against the additional defendants *after* the effective date of SB 105.

In response, appellants argue that SB 105 is unconstitutional in that it does not provide a grace period so that those parties who have a viable claim may file their actions. We concur.

As the federal district court for the Eastern District of Louisiana stated:

> [T]here are constitutional restrictions on the impairment of vested rights which can limit retroactive application of statutes of limitation. However, "[a] statute of limitations that allows a reasonable time for the assertion of a right or the enforcement of an obligation is not violative of the constitutional prohibition against divesting a vested right or impairing the obligation of a contract."

Currie v. Schon, 704 F.Supp. 698, 701 (E.D.La. 1989) (quoting Cooper v. Lykes, 49 So.2d 3, 5 (La. 1950)) (citations omitted).

[Headnote 3]

A statute of limitations may be applied retroactively to actions which have accrued, but which have not been filed, only if there is a reasonable amount of time after the effective date of the new limitations period in which claimants may bring the action. Pucci v. Santi, 711 F.Supp. 916, 924 (N.D.Ill. 1989). The Ninth Circuit has stated that it is unfair and illogical to expect claimants to foresee a new limitations period. Kelly v. Burlington Northern R. Co., 896 F.2d 1194, 1198 (9th Cir. 1990). There, the Ninth Circuit stated:

> The same considerations that make it inequitable and prejudicial to apply a new, shortened statute of limitations to a claim *filed* prior to the announcement of the new rule also make it unfair to apply such a rule to a cause of action which *accrued* prior to the rule without affording the plaintiff a reasonable period in which to file his claim after the announcement of the new limitations period. In both instances, the plaintiff's cause of action accrued at a time when he had a more extended period of time to file suit and the adoption of a shorter time limit was unforeseeable. Whether the plaintiff actually filed his action prior to the time the new, shortened rule was announced is largely irrelevant, if the application of that rule would serve to cut off his rights before he was informed of the new rule and had a reasonable time to file under it.

*Id.* at 1198-99.

The case at hand is analogous. While the prescriptive period in the present case has not been shortened, SB 105 has cut off a claimant's right to file suit for a cause of action which has accrued. Therefore, the legislature must allow a grace period for a claimant to file an existing cause of action. Without such a grace period, SB 105 is unconstitutional. Thus, SB 105 does not affect the six appellants that joined in Case No. 22912 after the effective date of SB 105.

We conclude that NRS 11.203-11.205 does not bar the appellants' actions. We therefore reverse the summary judgments entered below and remand these matters for further proceedings consistent with this opinion.