G AND H ASSOCIATES, A PARTNERSHIP; ALBERT G. GLICKMAN, JERRY CRUMPLER, MALCOLM REILLY AND IRIS CALLIE, PARTNERS, APPELLANTS, v. ERNEST W. HAHN, INC., LEROY MILLER ASSOCIATES, ARCHITECTS; QUALITY CONSTRUCTION CO., INC., AND DAVIDSON SALES, INC., A UTAH CORPORATION, RESPONDENTS.

No. 27101

February 26, 1997                    934 P.2d 229

[Rehearing denied July 22, 1998]

*Anderson, Pearl, Hardesty, Lyle, Murphy and Bennett,* Reno, for Appellants.

*Erickson, Thorpe & Swainston,* and *William G. Cobb,* Reno, for Respondent Hahn.

*Georgeson, McQuaid, Thompson and Angaran,* Reno, for Respondent Leroy Miller Associates.

*Kent J. Dawson,*[1] Las Vegas, for Respondent Quality Construction.

---

[1]On October 21, 1996, Kent J. Dawson filed an ex parte application to withdraw as counsel for respondent Quality Construction Co., Inc. because he "was appointed to the bench and is no longer permitted to engage in the private practice of law." Cause appearing, we grant the application to withdraw.

## OPINION

*Per Curiam:*

Respondents were granted summary judgment based on the fact that the statute of repose had barred all of appellants' claims in a construction defect case. We conclude that the district court properly granted summary judgment as to all of appellants' causes of action except those for willful misconduct/fraudulent concealment of construction defects and intentional concealment of construction defects.

### FACTS

The facts of this case are undisputed. On January 20, 1993, a roof section of a commercial building in Reno, owned by appellants and occupied by Mervyn's Department Store, collapsed. The building had been collectively built by respondents and was completed in October 1976. After the collapse, appellants hired an engineer to inspect the roof, and the engineer discovered that the glue-laminated beams supporting the roof had virtually no glue holding them together. The glue-laminated beams are constructed by gluing successive layers of planks one on top of the other to form the final height of the load-bearing beam. In addition to the inadequacy of the glue beams, the engineer also discovered that hardware used to make the roof safe during seismic activity was either missing or improperly installed. Appellants repaired the deficiencies at a cost of over $500,000.

Based on the engineer's information, appellants filed a complaint on April 13, 1993,[2] alleging claims for negligence, willful misconduct and fraudulent concealment, breach of warranty, and breach of fiduciary duty against the general contractor (Hahn),

---

[2]The first complaint, filed on April 13, 1993, was amended after appellants learned that two of the named defendants had not been involved in the construction of the roof. Those parties were dismissed from the lawsuit and the amended complaint, filed on July 1, 1994, named the parties mentioned in this appeal.

the architect (Miller), and various subcontractors responsible for the construction of the roof.[3]

After some discovery had occurred, respondents Hahn and Miller filed motions for summary judgment based upon NRS 11.204, Nevada's statute of repose, which states in pertinent part:

> [N]o action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 8 years after the substantial completion of such an improvement.

The motions argued that appellants' claims were barred because more than eight years had passed since the substantial completion of the building. Oral argument was held on the motions on February 24, 1995. At the conclusion of the hearing, the district judge suspended all further discovery pending the order of the court. Prior to a decision being rendered, respondent Quality Construction Company also filed a motion for summary judgment based on NRS 11.204. Appellants filed an opposition to Quality's motion, but before Quality could file a reply brief, the district court issued its order granting the motions for summary judgment based on the fact that the statute of repose barred appellants' claims, and dismissing all of appellants' claims without prejudice.

## DISCUSSION

### Summary judgment was properly entered pursuant to NRS 11.204

Before reaching the issue of the propriety of the summary judgment order, a brief history of Nevada's statute of repose is

---

[3]The claims in the complaint were as follows:

Count 1: Negligence against subcontractor Davidson Lumber Supplies, Inc. (Davidson);
Count 2: Defective product against Davidson;
Count 3: Willful misconduct/fraudulent concealment against Davidson;
Count 4: Negligence against Hahn;
Count 5: Defective product against Hahn;
Count 6: Breach of warranty against Hahn;
Count 7: Breach of implied warranty against Hahn;
Count 8: Breach of fiduciary duty against Hahn;
Count 9: Negligence against subcontractor Quality Construction Company (Quality);
Count 10: Defective product against Quality;
Count 11: Willful misconduct/fraudulent concealment against Quality;
Count 12: Negligent design, supervision, and testing by Miller;
Count 13: Intentional concealment of construction defects by Hahn.

warranted. Nevada's original statute of repose, codified at NRS 11.205, was adopted by the Nevada Legislature in 1965. However, in State Farm v. All Electric, Inc., 99 Nev. 222, 228-29, 660 P.2d 995, 1000 (1983), this court declared the 1965 statute of repose unconstitutional as violative of the equal protection clauses of the state and federal constitutions because it arbitrarily excluded owners and tenants from the scope of protection.

In 1983, the Legislature enacted a new statute of repose to correct the constitutional defect identified in *State Farm* and also separated the statute of repose into three different sections: NRS 11.203 provides that actions regarding defects known to the defendant, or which should have been known through the exercise of reasonable diligence, must be brought within ten years of substantial completion of the improvement to real property; NRS 11.204 provides that actions regarding latent deficiencies must be brought within eight years from substantial completion of the improvement to real property; and NRS 11.205 provides that actions regarding patent deficiencies must be brought within six years from substantial completion of the improvement to real property.

In Nevada Power v. Metropolitan Dev. Co., 104 Nev. 684, 765 P.2d 1162 (1988), this court addressed the retroactive application of NRS 11.203-.205 and concluded that the statutes of repose could not be applied retroactively prior to May 23, 1983 (the date of passage of the new statutes of repose), because there was no clear legislative intent to have them do so. *Id.* at 686, 765 P.2d at 1163. The court also concluded that the *State Farm* decision had rendered the 1965 statute of repose null and void *ab initio*. *Id.,* 765 P.2d at 1163-64.

As a result of the *Nevada Power* decision, a disparity existed in that the statute of repose would not apply to projects substantially completed before May 23, 1983, but the statute of repose would apply to projects completed after May 23, 1983. On April 10, 1991, the Legislature passed Senate Bill 105 (S.B. 105), which explicitly provided that the 1983 statutes of repose applied retroactively to pre-1983 improvements to real property. S.B. 105 stated in pertinent part:

> **Section 1.** 1. Except as otherwise provided in subsection 2, the periods of limitation on actions set forth in NRS 11.203, 11.204 and 11.205 apply retroactively to actions in which the substantial completion of the improvement to the real property occurred before July 1, 1983.
> 2. The provisions of subsection 1 do not limit an action:
> (a) That was commenced before the effective date of this act [April 10, 1991]; or

(b) If so doing would constitute an impairment of the obligation of contracts under the Constitution of the United States or the constitution of the State of Nevada.

1991 Nev. Stat., ch. 70, § 1 at 132.

In 1992, this court considered the constitutionality of S.B. 105 in Alsenz v. Twin Lakes Village, Inc., 108 Nev. 1117, 843 P.2d 834 (1992). We concluded that S.B. 105 was unconstitutional because it did not contain a grace period which permitted parties whose claims had "accrued" prior to passage of S.B. 105 to file their actions after the passage of S.B. 105. *Id.* at 1122, 843 P.2d at 838. This court concluded that it was unfair to enact a new provision which cut off a claimant's right to file suit for an "accrued" cause of action without affording that claimant a grace period after passage of the statute within which to file his or her cause of action. *Id.* at 1123, 843 P.2d at 838.

In response to the *Alsenz* decision, the Legislature passed Senate Bill 554 (S.B. 554) on July 9, 1993, which amended S.B. 105. S.B. 554 stated in pertinent part:

**Section 1. Section 1 of chapter 70, Statutes of Nevada 1991, at page 132,** is hereby amended to read as follows:

Section 1. 1. Except as otherwise provided in subsection 2, the periods of limitation on actions set forth in NRS 11.203, 11.204 and 11.205 apply retroactively to actions in which the substantial completion of the improvement to the real property occurred before July 1, 1983.

2. The provisions of subsection 1 do not limit an action:

(a) That *accrued before April 10, 1991, and* was commenced before . . . *July 1, 1994*; or

(b) If so doing would constitute an impairment of the obligation of contracts under the Constitution of the United States or the constitution of the State of Nevada.

1995 Nev. Stat., ch. 449, § 1 at 1439-40.

Appellants now contend that summary judgment was improperly granted because (1) S.B. 105 was rendered unconstitutional in its entirety by virtue of this court's decision in *Alsenz,* and therefore no statute of repose existed when appellants filed their complaint in 1993; and (2) even if S.B. 105 was only rendered unconstitutional as applied by *Alsenz,* it was unconstitutional as applied to them because their claim accrued prior to April 10, 1991, and they were not afforded a grace period within which to file their claim. They also contend that their claim fell within the grace period prescribed in S.B. 554 because it was filed before July 1, 1994. For these reasons, appellants argue that their claim was not time barred.

We conclude that both of appellants' arguments lack merit, and

we therefore reject those arguments without reaching the issue of whether *Alsenz* declared S.B. 105 unconstitutional in whole or in part. Regardless of the effect of the *Alsenz* decision, the main question is when did appellants' claims "accrue" for purposes of S.B. 105 and S.B. 554. The answer to this question will conclusively determine whether appellants' claims are barred pursuant to either senate bill.[4]

We conclude that appellants' claims accrued at the date of substantial completion, October 1976, for purposes of the statute of repose and at the date of discovery of the injury, January 1993, for the purpose of the statute of limitations. As the remainder of this opinion will explain, such a conclusion mandates that appellants' claims were barred pursuant to either S.B. 105 or S.B. 554.

In discussing the difference between statutes of repose and statutes of limitation, this court has stated:

> "Statutes of repose" bar causes of action after a certain period of time, regardless of whether damage or an injury has been discovered. In contrast, "statutes of limitation" foreclose suits after a fixed period of time following occurrence or discovery of an injury.

Allstate Ins. Co. v. Furgerson, 104 Nev. 772, 775 n.2, 766 P.2d 904, 906 n.2 (1988). Statutes of repose set an outside time limit, generally running from the date of substantial completion of the project and with no regard to the date of the injury, after which causes of action for personal injury or property damage allegedly caused by deficiencies in the improvements to real property may not be brought. Lamb v. Wedgewood South Corp., 302 S.E.2d 868, 873 (N.C. 1983). Therefore, in addition to proving the elements of the cause of action, one must also prove that the cause of action was brought within the time frame set forth by the statute of repose. Colony Hill Condo. I Ass'n v. Colony Co., 320 S.E.2d 273, 276 (N.C. Ct. App. 1984).

In determining when a cause of action "accrues" for the purposes of the statute of repose, most jurisdictions, including Nevada, have concluded that the time limits set forth in a statute of repose commence at the time of substantial completion of the building and not at the time of discovery of the injury. Alsenz v.

---

[4]Initially, it must be mentioned that the word "accrual" has separate meanings depending on whether the statute of repose or the statute of limitations is being discussed, and furthermore, that this court and the Legislature have often used the word "accrual" without regard to this distinction. We hope to correct any confusion with this opinion.

Twin Lakes Village, Inc., 108 Nev. 1117, 1121, 843 P.2d 834, 863 (1992); *see also Lamb*, 302 S.E.2d at 873; Texas Gas Exploration v. Fluor Corp., 828 S.W.2d 28, 32, (Tex. Ct. App. 1991). Therefore, appellants' claims accrued for purposes of the statute of repose in October 1976.

Statutes of limitation are procedural bars to a plaintiff's action, and in a tort action such as this, the time limits do not commence and the cause of action does not "accrue" until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury.[5] Nevada State Bank v. Jamison Partnership, 106 Nev. 792, 800, 801 P.2d 1377, 1382 (1990). Therefore, appellants' claims accrued for purposes of the statute of limitations in January 1993. Given these definitions, a cause of action can simultaneously accrue for purposes of the statute of repose and statute of limitations; however, the cause of action will usually accrue for statute of limitation purposes after it has accrued for statute of repose purposes.[6]

Given these two defined usages of the word "accrued," it is clear that the *Alsenz* court, in evaluating S.B. 105, and the Legislature, in drafting S.B. 554, used the word "accrued" to mean accrued for the purpose of the statute of limitations and not for the purpose of the statute of repose. "Where alternative interpretations of a statute are possible, the one producing a reasonable result should be favored." Colello v. Administrator, Real Est. Div., 100 Nev. 344, 347, 683 P.2d 15, 17 (1984). We conclude that this interpretation is the only reasonable one.

---

[5]This court has also stated:

> The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought. An exception to the general rule has been recognized by this court and many others in the form of the so-called "discovery rule." Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action.

Petersen v. Bruen, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990) (citations omitted).

[6]Furthermore, in an action regarding the statute of repose, the statute of repose should be read in conjunction with the statute of limitations. Therefore, to be actionable, a claim must be brought within the time limit set forth in the statute of repose, which commences at the time of substantial completion of the building, and must also be brought within the time limit set forth in the statute of limitation for the particular cause of action, which commences at the time the party knew or should have known of the damage. *See* Smith v. American Radiator & Standard Sanitary Corp., 248 S.E.2d 462, 465-67 (N.C. 1978), *overruled on other grounds by* Love v. Moore, 291 S.E.2d 141 (N.C. 1982); O'Connor v. Altus, 335 A.2d 545, 553 (N.J. 1975); Comptroller of Virginia ex. rel. Virginia Military Institute v. King, 232 S.E.2d 895, 899 (Va. 1977).

In *Alsenz,* this court stated that S.B. 105 was unconstitutional because it

> cut off a claimant's right to file suit for a cause of action which has *accrued.* Therefore, the legislature must allow a grace period for a claimant to file an *existing* cause of action.

*Alsenz,* 108 Nev. at 1123, 843 P.2d at 838 (emphasis added). Based on this language, when the *Alsenz* court used the word "accrued," it meant accrued for the purposes of the statute of limitations and not the statute of repose because a cause of action does not "exist" until the injury has been or should have been discovered. Therefore, if S.B. 105 was unconstitutional only as applied to those parties whose claims had "accrued" for the purposes of the statute of limitations prior to April 10, 1991 (the date of passage of S.B. 105), but who had not filed their action prior to that date, it was not unconstitutional as applied to appellants because they did not discover their injury and their claim did not "accrue" until some time in January 1993.

In drafting S.B. 554, the Legislature attempted to apply the statute of repose retroactively to projects which were substantially completed prior to 1983 and which had "accrued" prior to April 10, 1991. The word "accrued," as used in this statute, can only reasonably be interpreted to mean for purposes of the statute of limitations. If "accrued" as used in S.B. 554 referred to the statute of repose, then no cases would be exempted from NRS 11.203-.205 because only pre-1983 claims are at issue, and by definition, all pre-1983 claims would have accrued for statute of repose purposes prior to 1991. Therefore, if S.B. 105 was unconstitutional in its entirety, appellants claim was still barred by S.B. 554 because their claim did not accrue for statute of limitations purposes prior to April 10, 1991.

For these reasons, we conclude that the district judge properly determined that the statute of repose applied and properly granted summary judgment on all claims governed by the statute of repose.

*The district court erred in dismissing all of appellants' claims*

The district court's order granted respondents' motion for summary judgment and dismissed all of appellants' claims without prejudice. Appellants argue that even if the statute of repose applies, it would not bar their claims for willful misconduct and fraudulent or intentional concealment of construction defects (Claims 11 and 13).[7]

---

[7]See footnote 2.

NRS 11.202(1) states:

> 1. An action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property at any time after the substantial completion of such an improvement, for the recovery of damages for:
>
> (a) Any deficiency in the design, planning, supervision or observation of construction or the construction of such an improvement which is the result of his willful misconduct or which he fraudulently concealed.

Unlike NRS 11.203-.205, NRS 11.202 is not a statute of repose and it authorizes bringing a claim for willful misconduct and fraudulent or intentional concealment of defects "at any time after the substantial completion" of the improvement to real property. Therefore, the judge's order regarding the effect of the application of the statutes of repose had no effect on appellants' Claims 11 and 13.

Respondents argue that it was the understanding of all involved that the motions for summary judgment applied to all of appellants' claims and that appellants had the burden to cite NRS 11.202 as a defense to the motion but failed to do so. We disagree. Respondents Hahn and Miller's motions for summary judgment were addressed exclusively to the statute of repose issues, and at no point did either address the issue of willful misconduct and fraudulent or intentional concealment. As such, we conclude that appellants were not required to cite NRS 11.202 in their opposition motion or to produce evidence in the form of affidavits or depositions which set forth specific facts showing that genuine issues of material fact existed on Claims 11 and 13. *See* Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 442 (1993). Therefore, we conclude that the district court improperly granted summary judgment on appellants' Claims 11 and 13.

## CONCLUSION

Pursuant to either S.B. 105 or S.B. 554, all of appellants' claims except those for willful misconduct and fraudulent or intentional concealment were barred, and the district court properly granted summary judgment on those claims. However, the district court erred in dismissing appellants' Claims 11 and 13 because those claims were not challenged in respondents' motions for summary judgment.

For the foregoing reasons, we affirm the district court's grant of summary judgment on all of appellants' causes of action except for Claims 11 and 13, and we remand this case to the district court for proceedings consistent with this opinion.[8]

---

[8]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this matter.