132 Nev., Advance Opinion 82

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROBERT M. DYKEMA, INDIVIDUALLY; AND RONALD TURNER, INDIVIDUALLY, Appellants, vs. DEL WEBB COMMUNITIES, INC., AN ARIZONA CORPORATION, Respondent. | No. 69335 |

**FILED**

DEC 2 9 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court summary judgment, certified as final under NRCP 54(b), in a construction defect action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Reversed and remanded.*

Shinnick, Ryan & Ransavage P.C. and Duane E. Shinnick and Courtney K. Lee, Las Vegas,
for Appellants.

Koeller, Nebeker, Carlson & Haluck, LLP, and Robert C. Carlson, Jason W. Williams, and Richard D. Young, Jr., Las Vegas,
for Respondent.

---

BEFORE PARRAGUIRRE, C.J., HARDESTY and PICKERING, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we are asked to determine when a notice of completion has been "issued" for purposes of determining the commencement date under NRS 11.2055(1)(b) for NRS Chapter 11's construction defect statutes of repose; and thus, when the statute of repose expired on appellants' claims. Consistent with the recording requirement in NRS Chapter 108's mechanics' lien statutes, we conclude that a notice of completion is "issued" on the date it is recorded, not when it is signed and notarized. Accordingly, appellants' complaint was timely filed, and we reverse the district court's summary judgment against appellants.

## FACTS AND PROCEDURAL HISTORY

Appellants Robert M. Dykema and Ronald Turner own homes developed by respondent Del Webb Communities, Inc., in the Anthem Heights subdivision of Henderson, Nevada. A notice of completion of Dykema's residence was signed and notarized on November 30, 2004, and was recorded on December 8, 2004. A notice of completion of Turner's residence was signed and notarized on December 14, 2004, and was recorded on December 23, 2004.

Pursuant to NRS Chapter 40, Dykema served a notice of construction defect on Del Webb on December 2, 2014. Turner served a notice of construction defect on Del Webb on December 22, 2014. Dykema and Turner, among others, filed a complaint against Del Webb in district court on February 27, 2015. Del Webb moved to dismiss Dykema's and Turner's claims pursuant to NRCP 12(b)(5), arguing that their claims were untimely under NRS Chapter 11's statutes of repose for construction

 

defect claims. *See* NRS 11.203-11.205.[1] Del Webb argued that the statutes of repose began to run when the notices of completion were signed and notarized. In opposing Del Webb's motion to dismiss, Dykema and Turner argued that the statutes of repose began to run on the date the notices of completion were recorded.

The district court converted Del Webb's motion into a summary judgment motion, considered the exhibits provided by the parties, and dismissed Dykema's and Turner's claims. The district court found that because Dykema and Turner served Del Webb with Chapter 40 notices more than ten years after the notices of completion were signed and notarized, their claims were time-barred pursuant to the ten-year statute of repose in NRS 11.203. This appeal followed.

## DISCUSSION

"This court reviews a district court's grant of summary judgment de novo . . . ." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no

---

[1]As the district court recognized, the 2015 Legislature repealed NRS 11.203-11.205, providing for six-, eight-, and ten-year statutes of repose for construction defect claims, leaving such claims governed by NRS 11.202, which provides for a six-year statute of repose. 2015 Nev. Stat., ch. 2, § 22, at 21; A.B. 125, 78th Leg. (Nev. 2015). While A.B. 125 applied NRS 11.202 retroactively, a savings clause permitted claims "[t]hat accrued before the effective date of this act, and [were] commenced within 1 year after the effective date of this act." 2015 Nev. Stat., ch. 2, §§ 21(5) and (6)(a), at 21. As the complaint in this matter was filed three days after the effective date of A.B. 125, it is timely if filed within the repose period specified by NRS 11.203-11.205. Thus, the complaint and this appeal are governed by the pre-repeal versions of the statutes. *See* NRS 11.203-11.205 (2013).

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

*A notice of completion is issued when it is recorded*

The NRS 11.203-11.205 statutes of repose start to run on the date of "substantial completion" of an improvement to real property. NRS 11.2055(1) specifies that the date of "substantial completion"

> shall be deemed to be the date on which:
>
> (a) The final building inspection of the improvement is conducted;
>
> (b) A notice of completion is issued for the improvement; or
>
> (c) A certificate of occupancy is issued for the improvement,
>
> whichever occurs later.[2]

The parties agree that the "substantial completion" dates for Dykema's and Turner's homes were the dates the notices of completion were issued. However, they disagree as to what act signifies the issuance of the notices for purposes of NRS 11.2055. Dykema and Turner argue that notices of completion are issued on the date they are recorded and that NRS 11.2055 should be harmonized with NRS Chapter 108, wherein mechanics' lien rights are triggered by, among other things, recording a notice of completion.[3] Del Webb argues that notices of completion are issued on the date they are signed and notarized, attesting that the work

---

[2]The 2015 Legislature did not alter the relevant portions of NRS 11.2055. *See* 2015 Nev. Stat., ch. 2, § 18, at 17-18.

[3]Dykema and Turner did not raise the applicability of NRS Chapter 108 below, and thus, the district court did not consider it in reaching its decision. However, we may consider the issue sua sponte. *See Bradley v. Romeo*, 102 Nev. 103, 105, 716 P.2d 227, 228 (1986).

of improvement has been completed, and that NRS Chapter 108 does not address statutes of repose and does not define "substantially completed" or "issued." Resolving this issue requires this court to interpret the statute.

Questions of statutory interpretation are reviewed de novo. *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 426-27 (2007). "It is well established that when 'the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.'" *Nelson v. Heer*, 123 Nev. 217, 224, 163 P.3d 420, 425 (2007) (quoting *State, Div. of Ins. v. State Farm Mutual Auto. Ins. Co.*, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000)). "[I]f the statute is ambiguous, meaning that it is capable of two or more reasonable interpretations, this court . . . look[s] to the provision's legislative history and . . . the context and the spirit of the law or the causes which induced the [L]egislature to enact it." *Torres v. Nev. Direct Ins. Co.*, 131 Nev., Adv. Op. 54, 353 P.3d 1203, 1206-07 (2015) (alterations in original) (internal quotation marks omitted).

In this case, the parties offer two competing interpretations of when a notice of completion is "issued," and there is nothing in NRS 11.2055 distinguishing between the parties' interpretations. Therefore, the term "issued" is ambiguous, and we turn to the legislative history and the context of notices of completion in the statutory scheme. The Legislature examined the term "substantial completion" in NRS 11.2055 when considering various amendments to NRS Chapter 11 in 1999. *See* S.B. 32, 70th Leg. (Nev. 1999) (Bill Summary) ("The bill specifies how to determine when substantial completion of an improvement to real property occurs."). But in doing so, the Legislature

focused on how the statutes of repose would be triggered under NRS 11.2055(2)'s common-law "catchall" provision, not the requirements of a notice of completion. *See* Hearing on S.B. 32 Before the Senate Commerce & Labor Comm., 70th Leg. (Nev., April 16, 1999). As to a notice of completion, a commentator indicated that "typically a builder would file a notice of completion because that triggers the lien rights." *Id.* (summary of statement of David T. Pursiano, Lobbyist, Nevada Trial Lawyers' Ass'n). But the legislative history does not define what act signifies that a notice of completion has been "issued."

The commentary in the legislative history addressing lien rights refers to NRS 108.221-108.246, which are the statutory provisions governing mechanics' and materialmen's liens. Under NRS 108.228(1), an owner[4] "may record a notice of completion after the completion of the work of improvement." "Upon recording the notice . . . the owner shall, within 10 days," serve the recorded notice on any potential lien claimants, which then triggers the time period during which a lien claimant must perfect its lien. NRS 108.228(4); *see also* NRS 108.226(1)(b). NRS 108.22116(3) explicitly defines "[c]ompletion of the work of improvement" as including "[t]he cessation of all work on a work of improvement for 30 consecutive days, provided a notice of completion is timely recorded and served and the work is not resumed under the same contract."

When interpreting NRS 11.2055, "[w]e presume that the Legislature enacted the statute with full knowledge of existing statutes

---

[4]NRS 108.22148(1)(d) defines "owner" as including "[t]he person or persons whose name appears as owner of the property or an improvement to the property on the building permit."

SUPREME COURT
OF
NEVADA

(O) 1947A

6

relating to the same subject." *Nev. Attorney for Injured Workers v. Nev. Self-Insurers Ass'n*, 126 Nev. 74, 84, 225 P.3d 1265, 1271 (2010) (internal quotation marks omitted). The legislative history shows that the purpose of NRS 11.2055 was to give builders and homeowners a clear date on which the statutes of repose begin to run and further suggests that the Legislature knew that prudent builders would promptly secure their lien rights after a notice of completion is recorded. *See* Hearing on S.B. 32 Before the Senate Commerce & Labor Comm., 70th Leg. (Nev., April 16, 1999). When considering the same notice of completion under NRS 11.2055, it follows that the Legislature intended for the statutes of repose to begin to run on the recording date because that was already a crucial event affecting builders' mechanics' lien rights. Construing the statutes in harmony with one another, and consistent with what reason and public policy suggest the Legislature intended, we conclude that it is the act of recording that signifies that a notice of completion has been "issued." *See Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006) ("Whenever possible, this court will interpret a rule or statute in harmony with other rules and statutes." (internal quotation marks omitted)); *see also Nev. Attorney for Injured Workers*, 126 Nev. at 86, 225 P.3d at 1272.

*The ten-year statute of repose is applicable here*

Before applying our conclusion that the statute of repose began to run when the notice of completion was recorded, we must consider which statute of repose applied. The district court applied the ten-year statute of repose in NRS 11.203 without determining the nature of the deficiencies claimed by Dykema and Turner. Del Webb argues that

there is an absence of allegations in the operative complaint to apply the ten-year period of repose, and the eight-year period must apply.[5] Dykema and Turner argue that the district court appropriately considered whether their claims were barred by the ten-year statute of repose for known deficiencies.

"NRS 11.203-11.205 . . . bar[red] actions for deficient construction after a certain number of years from the date construction was substantially completed." *Alsenz v. Twin Lakes Vill., Inc.*, 108 Nev. 1117, 1120, 843 P.2d 834, 836 (1992). The period in which a plaintiff must have brought an action depended on the nature of the deficiency; ten years for a known deficiency, eight years for a latent deficiency, and six years for a patent deficiency. NRS 11.203-11.205.

> In their complaint, Dykema and Turner
>
> allege[d] that [Del Webb] *knew or should have known* that if the subject structure and subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures *would be defective* and not of merchantable quality.

(Emphases added.) They also alleged that Del Webb "knew or should have known that the premises were constructed in an unworkmanlike manner." Based on these allegations, we conclude that the district court properly

---

[5]Despite this argument, Del Webb did not specify which, if any, of Dykema's or Turner's claims could be characterized as patent or latent for purposes of the six- or eight-year statutes of repose. Rather, Del Webb argued that regardless of which statute of repose applied, Dykema's and Turner's claims were time-barred.

applied the ten-year statute of repose for known deficiencies under NRS 11.203(1), which governed deficiencies that were "known or through the use of reasonable diligence should have been known" to Del Webb.

Because we conclude that it is the act of recording that signifies when a notice of completion has been issued pursuant to NRS 11.2055, the district court incorrectly calculated the date on which the ten-year statute of repose ran. A notice of completion of Dykema's residence was recorded on December 8, 2004, and a notice of completion of Turner's residence was recorded on December 23, 2004. Thus, the ten-year statute of repose was set to expire for Dykema's claims on December 8, 2014, and for Turner's claims on December 23, 2014.

Pursuant to NRS Chapter 40, Dykema served a notice of construction defect on Del Webb on December 2, 2014, and Turner served his notice of construction defect on Del Webb on December 22, 2014. Under NRS 40.695(1)(a), the statute of repose is tolled for "[o]ne year after notice of the claim is given." Therefore, because Dykema and Turner served their Chapter 40 notices within the ten-year repose period, it was tolled for one year and Dykema's and Turner's February 27, 2015, complaint against Del Webb was timely filed. Accordingly, we conclude that the district court erred in concluding that Dykema's and Turner's claims were time-barred by NRS 11.203(1)'s ten-year statute of repose, and in granting Del Webb summary judgment.

For the reasons set forth above, we reverse the district court's summary judgment against Dykema and Turner and remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Pickering