137 Nev., Advance Opinion 53

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEKKER/PERICH/SABATINI LTD.;
NEVADA BY DESIGN, LLC, D/B/A
NEVADA BY DESIGN; MELROY
ENGINEERING, INC., D/B/A MSA
ENGINEERING CONSULTANTS; JW
ZUNINO & ASSOCIATES, LLC; NINYO
AND MOORE GEOTECHNICAL
CONSULTANTS; RICHARDSON
CONSTRUCTION, INC.; THE
GUARANTEE COMPANY OF NORTH
AMERICA USA; AND JACKSON
FAMILY PARTNERSHIP LLC, D/B/A
STARGATE PLUMBING,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TREVOR L. ATKIN, DISTRICT JUDGE,
Respondents,
  and
CITY OF NORTH LAS VEGAS,
Real Party in Interest.

No. 81459

FILED

SEP 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or, alternatively, prohibition.

*Petition denied.*

W&D Law, LLP, and John T. Wendland and Anthony D. Platt, Henderson, for Petitioners Dekker/Perich/Sabatini Ltd. and Nevada By Design, LLC, dba Nevada By Design.

W&D Law, LLP, and Jeremy R. Kilber, Henderson,
for Petitioner Melroy Engineering, Inc., dba MSA Engineering Consultants.

Clyde & Co US LLP and Dylan P. Todd and Lee H. Gorlin, Las Vegas,
for Petitioner JW Zunino & Associates, LLC.

Wilson Elser Moskowitz Edelman & Dicker, LLP, and Jorge A. Ramirez, Harry Peetris, and Jonathan C. Pattillo, Las Vegas,
for Petitioner Ninyo & Moore Geotechnical Consultants.

Parker, Nelson & Associates, Chtd., and Theodore Parker and Jennifer A. DelCarmen, Las Vegas,
for Petitioners Richardson Construction, Inc., and The Guarantee Company of North America USA.

Lincoln, Gustafson & Cercos, LLP, and Shannon G. Splaine and Paul D. Ballou, Las Vegas; Resnick & Louis, P.C., and Paul A. Acker, Las Vegas,
for Petitioner Jackson Family Partnership LLC, dba Stargate Plumbing.

Snell & Wilmer LLP and Richard C. Gordon, Kelly H. Dove, Aleem A. Dhalla, and Gil Kahn, Las Vegas,
for Real Party in Interest.

---

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

## OPINION

By the Court, SILVER, J.:

In this writ proceeding, petitioning contractors and subcontractors assert that the district court properly dismissed the City of North Las Vegas's construction defect claims against them as precluded by the former six-year statute of repose and that the district court thereafter lacked authority to revive those claims once a statutory amendment

extending the repose period became effective, since the original complaint was invalid and, by then, the claims had expired under the extended deadline as well. Because the Legislature expressly directed that the amended statute of repose apply retroactively, and because the City of North Las Vegas's action was filed within the extended deadline and remained pending when the amendment became effective, we conclude that the district court did not manifestly abuse or arbitrarily or capriciously exercise its discretion when it applied the extended repose period and revived the claims.

## FACTS AND PROCEDURAL HISTORY

The City of North Las Vegas (CNLV), real party in interest here, hired petitioner Dekker/Perich/Sabatini Ltd. to construct a fire station. Dekker then hired several subcontractors to assist in the construction.[1] On July 13, 2009, CNLV recorded a notice of completion for the fire station.

Years later, CNLV noticed cracks in the building's foundation and walls. A 2017 investigation found that excessive settlement and expansive soil activity had damaged the building. At the time, NRS 11.202 imposed a six-year repose period on construction defect actions. In 2019, however, the Legislature enacted Assembly Bill 421, which extended NRS 11.202's repose period to ten years. 2019 Nev. Stat., ch. 361, § 7, at 2262. On July 11, 2019, after the six-year repose period had expired and before

---

[1]Many of those subcontractors have joined in the petition, including Nevada By Design, LLC, Melroy Engineering, Inc., JW Zunino & Associates, LLC, Ninyo and Moore Geotechnical Consultants, Richardson Construction, Inc., The Guarantee Company of North America USA, and Jackson Family Partnership LLC (collectively with Dekker/Perich/Sabatini, Dekker).

the amendment took effect, CNLV filed the underlying complaint in this case against Dekker.

Dekker immediately moved to dismiss the action, arguing that CNLV's claims were time-barred under NRS 11.202's six-year period of repose. The district court heard the motion on September 30, 2019—the day before A.B. 421's amendment to the repose period took effect—and on October 14, 2019, the court issued a written order dismissing CNLV's complaint based on the six-year statute of repose.

Shortly thereafter, CNLV timely moved to alter the judgment under NRCP 59(e), arguing that the ten-year statute of repose was now in effect and governed its claims. Dekker countered that the claims were statutorily barred when the complaint was filed and thus void ab initio and unrevivable. Dekker also asserted that granting CNLV's motion would violate its due process rights. The district court granted CNLV's motion to alter the judgment, determining that NRS 11.202 applied retroactively and constitutionally, and reinstated the claims. This writ petition followed.

## DISCUSSION

*We exercise our discretion to entertain the writ petition*

"A writ of mandamus is available to compel the performance of an act which the law . . . [requires] as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion."[2] *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907-08 (2008) (internal quotation marks and footnote omitted) (alterations in original). Mandamus is an extraordinary remedy,

---

[2]Dekker alternatively seeks a writ of prohibition. In light of Dekker's requested relief, we consider Dekker's petition as one for a writ of mandamus.

available only when there is no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *see also Cote H.*, 124 Nev. at 39, 175 P.3d at 908.

The decision to entertain a petition for a writ of mandamus is within our sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "Because an appeal is ordinarily an adequate remedy, this court generally declines to consider writ petitions challenging interlocutory district court orders." *Helfstein v. Eighth Judicial Dist. Court*, 131 Nev. 909, 912, 362 P.3d 91, 94 (2015). However, when a writ petition presents an opportunity to clarify an important issue of law and doing so serves judicial economy, we may elect to consider the petition. *Id.* Similarly, writ relief may be appropriate where the petition presents a matter of first impression and considerations of judicial economy support its review. *Humboldt Gen. Hosp. v. Sixth Judicial Dist. Court*, 132 Nev. 544, 547, 376 P.3d 167, 170 (2016).

Dekker's writ petition raises an important legal issue of first impression with statewide importance—whether NRS 11.202's 2019 amendment extending the repose period allows a claim to proceed even if the repose period in effect when the claim was filed barred that claim. Additionally, clarifying which version of the statute of repose applies in this situation serves judicial economy, as the action is in its initial stages and, if successful, Dekker's argument would preclude CNLV from pursuing its claims any further. We therefore elect to consider the writ petition.

*The district court did not manifestly abuse or arbitrarily or capriciously exercise its discretion by retroactively applying NRS 11.202's ten-year repose period to CNLV's claims*

Dekker argues that because CNLV filed suit before NRS 11.202's extended ten-year period took effect, the complaint was void ab

SUPREME COURT
OF
NEVADA

(O) 1947A

initio and the district court erred by reviving it. Dekker further asserts that, in so doing, the district court violated its due process rights under the Nevada Constitution.[3] CNLV argues that the district court correctly decided that the claims are timely under the ten-year statute of repose, as retroactively applied, and that Dekker has neither shown a vested right to be free from the claims under the former statute of repose nor demonstrated that the amendment is invalid under a rational basis review.

In the context of a writ petition, we generally review district court orders for manifest abuse or an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, "[s]tatutory interpretation is a question of law that we review de novo, even in the context of a writ petition." *Id.* at 198, 179 P.3d at 559. If the plain meaning of a statute is clear on its face, then this court does not look beyond the statute's language. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014).

Although statutes are generally applied prospectively only, a statute applies retroactively when legislative intent to do so is clear. *See Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 154-55, 179 P.3d 542, 553 (2008) ("In Nevada, as in other jurisdictions, statutes operate prospectively, unless the Legislature clearly manifests an

---

[3]Dekker raises a third argument as well: that CNLV's complaint was void ab initio for failing to comply with NRS 11.258, which required CNLV to include with its complaint an attorney affidavit and an expert report supporting that a reasonable basis for filing the action exists. In finding the affidavit and expert report CNLV included with its complaint met NRS 11.258's requirements, the district court carefully considered those documents, and we likewise have reviewed Dekker's arguments concerning the affidavit and expert report and conclude those documents are sufficient under the circumstances of this case.

intent to apply the statute retroactively .... [W]hen the Legislature intends retroactive application, it is capable of stating so clearly."). In amending NRS 11.202. the Legislature explicitly provided that the ten-year repose period applies retroactively. Indeed, A.B. 421 expressly defines the scope of the amendment's application, providing that the amendment "appl[ies] retroactively to actions in which the substantial completion of the improvement to the real property occurred before October 1, 2019." 2019 Nev. Stat., ch. 361, § 11(4), at 2268. Notably, too, the Legislature has twice amended NRS 11.202's repose period: once in 2015 to decrease the period from ten to six years, and again in 2019 to reinstate the ten-year repose period.[4] 2015 Nev. Stat., ch. 2. §§ 17 & 22, at 17 & 21; 2019 Nev. Stat., ch. 361, § 7, at 2262. The 2019 amendment was intended to relieve prejudice to Nevada landowners who were unaware of property damage that did not manifest within the six-year repose period. Hearing on A.B. 421 Before the Senate Committee on Judiciary, 80th Leg. (Nev., May 15, 2019). Applying the statute retroactively thus comports with A.B. 421's express language and legislative intent.

In this case, the fire station's date of substantial completion was July 13, 2009, when the notice of completion issued. *See* NRS 11.2055 (explaining the date of substantial completion is when the final building inspection is conducted, the notice of completion is issued, or the certificate of occupancy is issued, whichever occurs later); *Somersett Owners Ass'n v.*

---

[4]Prior to 2015, the repose period varied from six to twelve years, depending on the alleged defect. 1983 Nev. Stat. §§ 1-6, at 1237-39. We note, however, the Senate Committee on Judiciary clarified that the extended statute of repose did not affect any applicable statutes of limitations. Hearing on A.B. 421 Before the Senate Committee on Judiciary, 80th Leg. (Nev., May 15, 2019).

*Somersett Dev. Co.*, 137 Nev., Adv. Op. 35, 492 P.3d 534, 535 (2021) (explaining substantial completion under NRS 11.2055 occurs when the construction work is "sufficiently complete so that the owner can occupy or utilize the improvement"). As the retroactivity provision provides that the 2019 amendment applies to actions based on improvements substantially completed before the amendment went into effect, the extended repose period applies to this action.

As amended, NRS 11.202(1) provides that "[n]o action may be *commenced* . . . more than 10 years after the substantial completion." (Emphasis added.) By its plain language, the statute allows an action to proceed so long as it was filed within ten years of the date of substantial completion. As an action based on improvements with a July 13, 2009, substantial completion date, CNLV's July 11, 2019, complaint was timely filed within the 2019 amendment's ten-year repose period. That complaint was still pending when the amendment went into effect and thus was subject to the new law. *See, e.g.*, *Gray v. First Winthrop Corp.*, 989 F.2d 1564, 1571 (9th Cir. 1993) (recognizing that a case is not final but remains pending until the appellate process has been completed). When the district court nevertheless dismissed the claims, CNLV properly filed a motion to alter the judgment under NRCP 59(e). *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) ("Among the basic grounds for a Rule 59(e) motion are correcting manifest errors of law or fact, newly discovered or previously unavailable evidence, the need to prevent manifest injustice, or a change in controlling law." (internal quotation marks and brackets omitted) (citing 11 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2810.1, at 124-27 (2d ed.1995))). Therefore, on its face, the action was not time-barred.

*The complaint was not void ab initio*

Dekker nevertheless argues that dismissal was warranted because CNLV's complaint was filed when NRS 11.202's six-year repose period was still in effect, rendering the complaint void ab initio. We disagree.

Something that is "void ab initio" is "[n]ull from the beginning" and cannot be validly further acted upon. *Void ab Initio, Black's Law Dictionary* (11th ed. 2019); *see Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006) (recognizing that, when a complaint "is void ab initio, it does not legally exist and thus it cannot be amended"). Generally, determining whether a court action is void ab initio "involves the underlying authority of a court to act on a matter":

> An order is void ab initio if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could "not lawfully adopt."

*Singh v. Mooney*, 541 S.E.2d 549, 551 (Va. 2001). Similarly, we have recognized that a complaint alleging professional negligence is void ab initio when filed without the required supporting affidavit because it is defective and the courts are without authority to act upon it. *See Washoe Med. Ctr.*, 122 Nev. at 1303-04, 148 P.3d at 793-94 (concluding NRS 41A.071's requirement that courts "shall dismiss" medical malpractice complaints filed without an expert affidavit evidenced the Legislature's intent that courts have no discretion with respect to a defective complaint's dismissal); *Szydel v. Markman*, 121 Nev. 453, 461, 117 P.3d 200, 205 (2005) (explaining that "NRS 41A.071 is jurisdictional in nature") (Hardesty, J. dissenting). To the contrary, nothing in NRS 11.202 indicates the repose period is

jurisdictional and would render an untimely complaint void ab initio. *See Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 880-82 (11th Cir. 2017) (recognizing that "when, as here, a statute speaks only to a claim's timeliness, not to a court's power, it should be treated as non-jurisdictional" (internal quotation omitted) and rejecting the argument that boilerplate language, such as "No action may be commenced," limits a court's jurisdiction). Moreover, Dekker fails to point to any authority concluding that claims filed after expiration of the repose period renders the complaint void ab initio.

*Retroactive application does not violate Dekker's due process rights*

Dekker argues that permitting the 2019 amendment to NRS 11.202 to retroactively restore a time-barred claim would violate its due process rights under the Nevada Constitution. In this, Dekker asserts that it had a vested right to be free from construction defect claims six years after the substantial completion date and that the Legislature's removal of that right violated due process. Nevada's Due Process Clause mirrors its federal counterpart, *see* U.S. Const. amends. V and XIV, § 1; Nev. Const. art. 1, § 8(2), and Dekker thus urges us to look to federal law in resolving its argument.[5] *See generally Hernandez v. Bennett-Haron*, 128 Nev. 580, 587, 287 P.3d 305, 310 (2012) (recognizing that federal law is informative as to the scope of Nevada's procedural due process guarantee).

Although several jurisdictions appear to recognize substantive rights under statutes of repose, Dekker does not point to any Nevada law

---

[5]For this reason, although Dekker also points to authority from other states in which the local constitution affords greater due process protections than the federal Constitution, we need not consider whether Nevada's constitution extends greater protections.

SUPREME COURT
OF
NEVADA

(O) 1947A

characterizing statutes of repose as awarding an entitlement to be free from a stale claim. *See, e.g., Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013); *Sepmeyer v. Holman*, 642 N.E.2d 1242, 1245 (Ill. 1994); *Sch. Bd. of City of Norfolk v. U.S. Gypsum Co.*, 360 S.E.2d 325, 328 (Va. 1987); *cf. Alsenz v. Twin Lakes Vill., Inc.*, 108 Nev. 1117, 1123, 843 P.2d 834, 838 (1992) (discussing an accrued right of action as vested and subject to restriction on impairment). Regardless, even assuming, arguendo, that the running of a statute of repose creates a vested right, Dekker's constitutional argument fails. To meet due process requirements, the retroactive application of NRS 11.202 must be justified by a rational legislative purpose. *See, e.g., Schaeffler Grp. USA, Inc. v. United States*, 786 F.3d 1354, 1362 (Fed. Cir. 2015) (explaining that the retroactive application of a statute does not offend due process when it is supported by a legitimate legislative purpose furthered by a rational means); 16B Am. Jur. 2d *Constitutional Law* § 964 ("While retroactive legislation must meet a burden not faced by legislation that has only future effects, the burden is met simply by showing that the retroactive application of the legislation itself is justified by a rational legislative purpose."). As explained above, the Legislature extended the repose period to reflect the timeframe in which these types of defects most often materialize and thus more fairly allow the pursuit of claims based on such defects. Accordingly, application of NRS 11.202's extended repose period does not offend due process. Thus, the action was not barred by the statute of repose, and the district court properly granted the motion to alter the judgment.

## CONCLUSION

We conclude that, as amended in 2019, NRS 11.202's extended ten-year repose period retroactively applies to CNLV's claims against Dekker. The Legislature lengthened the statute of repose because the

Supreme Court
OF
Nevada

(O) 1947A

11

shorter repose period prejudiced Nevada residents, and the Legislature clearly intended the amendment to apply retroactively. Furthermore, as amended, the plain language of NRS 11.202 allows a claim to be brought so long as it was filed within ten years after the date of substantial completion of the construction work, regardless of whether the claim would have been barred under the previous six-year statute of repose at the time the complaint was filed. Therefore, we conclude that CNLV's claims were properly filed within the ten-year statute of repose. Accordingly, we deny the petition for writ relief.

_____, J.
Silver

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich